# Weyand *versus* Crichfield.

When one agrees to pay for lumber contracted for, by, and furnished to another, this is an original promise and not a contract of guarantee, and is binding, although not in writing.

ASSUMPSIT.—ERROR to the Court of Common Pleas of *Somerset County.*

[Bank of Gettysburg *v.* Thompson et al.]

The opinion of the court was delivered by

WOODWARD, J.—Although to our eye it looks very clear that Weyand was not an original contractor for the lumber, but only for Job & Zufall at most, if indeed he were bound at all, yet the testimony of John Crichfield, the father of Samuel, was full to the point that Weyand made this promise after the witness told him that Shaw would not saw the lumber unless he (Weyand) became paymaster. The court submitted this evidence fairly to the jury with instructions that the plaintiff could not recover on a collateral promise that was unwritten, but if they believed this evidence, the promise was not collateral but a direct engagement for the lumber. It is in vain to urge before us that the witness was mistaken, the jury having believed him. The verdict on such evidence concludes the defendant. It is suggested that he could not be held, even on such proof, because he had no notice of Sam's acceptance of his credit, nor of the specific quantity of lumber ordered. Considering that Weyand stood as the surety for Job & Zufall on their contract with the board of school directors, and that he was their disbursing agent, we do not think he comes within the principle of the cases that entitle the author of a letter of credit to notice of the extent to which his credit has been accepted. Weyand knew what the school house was that was to be built, and if he agreed to pay Crichfield for the lumber that was to be used in building it, and thus induced him to furnish it, he is bound to pay according to his agreement. The former suit of Crichfield against the contractors proves only that they were bound, not that Weyand did not make the engagement sworn to by John Crichfield.

The judgment is affirmed.