Grafton,  }
March 7, 1911. }

KIMBALL & a. v. AMERICAN EXPRESS CO.

Where an express company, having accepted horses for transportation, assumes care of them during a temporary suspension of the journey, it cannot evade liability for a failure to use ordinary care in the treatment of the animals, on the ground that its undertaking was voluntary.

The rights and liabilities of the parties to a contract for interstate transportation depend on the *lex loci contractus.*

Where a contract for interstate transportation of freight is made in Indiana, the carrier cannot thereby limit his common-law liability unless the shipper has been given an opportunity to choose between his common-law right and rate and the special rate with limited liability.

CASE, for negligence. Trial by jury. Transferred from the September term, 1910, of the superior court by *Chamberlin,* J., on the plaintiffs' exception to an order of nonsuit.

December 8, 1908, the plaintiffs entered into a contract with the defendants for the shipment of twenty-eight horses from Indianapolis, Indiana, to Woodsville, New Hampshire. The contract, which was executed in Indiana, provided that the defendants should not be liable as common carriers and that their liability for injuries to any one animal arising from their negligence or that of their servants should not exceed $75. The horses were loaded in a car furnished by the defendants, who accepted the animals for transportation at a point on the Belt Railroad. When the car was delivered to the connecting carrier, it was found to be so much in need of repair that it was necessary to hold it for twelve hours. The defeendants voluntarily undertook to care for the horses while rpairs were being made, and sent them to the barn of one Reardon, where they were exposed to the weather and four of them contracted pneumonia.

It was agreed that if the plaintiffs are entitled to recover full damages, they should have judgment for $750 with costs.

*Smith & Smith* (*Edgar W. Smith* orally), for the plaintiffs.

*Drew, Shurtleff & Morris* (*Mr. Morris* orally), for the defendants.

YOUNG, J. It is unnecessary to consider whether the defendants were under any legal obligation to care for the horses while the car was being repaired. By assuming the care of them, it became their duty to do what the ordinary man would have done in that situation, and it is no answer to this action to show that their undertaking was voluntary. *Edwards* v. *Lamb*, 69 N. H. 599. Reardon's knowledge in respect to the care given the horses was not the knowledge of the plaintiffs, for he was not their servant, but an independent contractor.

The contract was made, and the act of which the plaintiffs complain was done, in Indiana. The rights and liabilities of the parties therefore depend on the law of that state. *MacDonald* v. *Railway*, 71 N. H. 448, 450. As that is understood, a contract by which a common carrier seeks to limit his common-law liability, to be valid, "must be fairly made upon a sufficient consideration, after the shipper has been given an opportunity to choose between the common-law right and rate, and the special contract rate and limited liability." *Pittsburg etc. Ry.* v. *Mitchell*, (Ind.) 91 N. E. Rep. 735, 740; *Cleveland etc. Ry.* v. *Hollowell*, 172 Ind. 466; Ind.

Acts 1905, c. 47, s. 2.  In considering whether the shipper had such
an opportunity, the question is not what the contract recites in.
respect to the matter, but whether he had in fact a chance to choose
between his common-law right and the lower rate with limited lia-
bility. *Lake Erie etc. R. R.* v. *Holland,* 162 Ind. 406.  It can be found
that the plaintiffs had no such opportunity; for Kimball testified
that the defendants would not accept the horses unless he signed a.
contract releasing them from liability as common carriers, and that.
their agent told him he must value the horses at $75 each.

*Plaintiffs' exception sustained: judgment for the plaintiffs for $750..*

All concurred.