OLIVA LEMIRE *v*. JOSEPH PILAWSKI.

In the absence of exception to the charge, it is assumed that the effect of evidence
was properly limited by instructions which were observed by the jury.

A statement which constitutes an essential part of an admission of liability is not
to be excluded because the jury, in disregard of instructions, might use it for
an improper purpose.

CASE, for negligence. Trial by jury and verdict for the plaintiff.
Transferred from the January term, 1913, of the superior court by
*Chamberlin, J.*

The action was brought to recover for injuries received through
a collision with a runaway horse belonging to the defendant. The
plaintiff offered evidence of a conversation in which the defendant
stated that the horse was in charge of servants who, contrary to his
instructions, left it unattended in the street, but that he could do
nothing because the horse was insured and he had reported the acci-
dent to the office. The defendant objected to the admission of
the statement that the horse was insured and that the accident
had been reported to the insurance company, but the same was
admitted as part of a conversation acknowledging liability and for
no other purpose, subject to the defendant's exception.

*David W. Perkins*, for the plaintiff.

*Milfred O. Garner* (of Massachusetts) and *Branch & Branch* (*Fred-
erick W. Branch* orally), for the defendant.

PARSONS, C. J. Whether the fact that the defendant carried
insurance against liability for negligence is, or not, relevant to his
care in any particular instance is a question not presented. The
evidence objected to was admitted as a part of a conversation ac-
knowledging liability, but for no other purpose. In the absence of
exception to the charge, it must be assumed that the effect of the
evidence was properly limited in the instructions to the jury and
that they followed the instructions. *Mitchell* v. *Railroad*, 68 N. H.
96, 117. If the evidence objected to was relevant and competent
upon the issue upon which it was admitted, its admission is not
error because it might be considered by the jury, in the absence of
instructions or in violation of their duty, upon an issue upon which

it was incompetent. *Conn. River Power Co.* v. *Dickinson*, 75 N. H. 353.

The facts stated by the defendant in the conversation tended to show liability upon his part. If the defendant's servants carelessly left the horse unattended in the street while engaged in his business, the defendant was liable for the resulting injury. His admission of those facts, if he made it, was practically an admission of liability; and an important issue in the case was whether in fact he made such statement without qualification. Parties do not usually defend lawsuits in which their liability is conceded by them in advance. Anything further said by the defendant, tending to show why he was contesting a liability the evidence proved he admitted, tended to remove the improbability which might be urged against the credibility of the witnesses. If the defendant went further and stated some reason for which he considered himself not liable, such fact, whether constituting a defence in law or not, would be admissible as rendering probable the testimony given. That the defendant said he could do nothing because others had assumed the liability and he had put the matter in their hands was a fact tending to establish the verity of the testimony. The whole story might reasonably be true, while the half, under all the circumstances, it could be argued was so unreasonable as not to be entitled to credence. The statement objected to was therefore an essential part of an admission of liability claimed to have been made by what the defendant said. So much of the conversation as related to the issue of the defendant's admission was competent. 3 Wig. Ev., s. 2094. As it does not appear the evidence objected to was used for an improper purpose, the verdict cannot be disturbed.

*Exception overruled.*

All concurred.