Coös,
Dec. 4, 1917.

JENNIE HANSEN *v.* GRAND TRUNK RAILWAY COMPANY.

The inadmissibility of documentary evidence for one purpose does not require its exclusion, if admissible for another purpose; and the presumption is that the court has limited the use of such evidence to the point to which it is legally applicable.

A telegram sent by the plaintiff, a passenger, stating why her journey was delayed, and written five hours after the event therein described, being a self-serving declaration, is not evidence of the truth of the facts recited, but is admissible to prove the presence of the sender at the time and place indicated.

Foreign law is a question of fact to be determined by the presiding justice; whose decision is not reviewable in the supreme court, if there is evidence to sustain it.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff's evidence tended to show that on the 26th day of July,

1913, while a passenger on one of the defendant's trains from Chicago to Berlin, N. H., at the city of Toronto, Canada, she was directed by the conductor of the train to leave the train while breakfast was served in the station; that later he directed her to board a train which she supposed was the Grand Trunk train on which she had been traveling, but which she learned was a Canadian Pacific train; that she was carried out of her way, missed her connection, and was obliged to wait from eight to nine hours at the station in Port Hope, Canada, before she could resume her journey, and that by reason of her disappointment and worry she was made ill, later had to submit to a serious surgical operation and was caused much suffering and expense. She was a native of Norway, and, at the time, some twenty-four years of age. The defendant moved for a directed verdict upon the ground that under the law of the Province of Ontario, where the defendant's negligence, if any, occurred, no recovery could be had. The motion was denied and the defendant excepted. Other facts are stated in the opinion. Transferred from the December term, 1915, of the superior court by *Chamberlin*, J.

*Jesse F. Libby* and *Matthew J. Ryan* (*Mr. Libby* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes*, and *Rich & Marble* (*Mr. Morris* orally), for the defendant.

WALKER, J. The plaintiff testified without objection from the defendant that while she was waiting at Port Hope she wrote a telegram to her sister in Berlin in the Norwegian language and at the request of the operator she translated it into English as follows: "The Grand Trunk conductor has put me on a wrong train." As the original telegram was not produced (and according to the defendant's evidence it had been destroyed) one of the plaintiff's witnesses subsequently produced the telegram received by her sister in Berlin, and, subject to the defendant's exception, it was admitted in evidence. It contained the phrase, "Time 8:03 P. M.," and then read as follows: "From Port Hope, Quebec, July 26, 1913." "Berlin, New Hampshire, July 26, 1913. To Mrs. Carl J. J. Johnson, Box 23, Berlin Mills, N. H. Dear Sister: Grand Trunk Conductor put me on wrong train. Jennie." If it is conceded that the statement in the telegram could not be admitted against objection as evidence of its truth, or as a declaration under the *res gestae*

doctrine, it does not follow that the telegram itself was inadmissible for any purpose. It often happens that documentary evidence which is relevant to two subjects or issues on trial is admissible in proof of one and not admissible in proof of the other. The fact of its inadmissibility for one purpose does not necessitate its general exclusion for a purpose for which it is legally admissible. *Lemire* v. *Pilawski,* 77 N. H. 116; *Challis* v. *Lake,* 71 N. H. 90, 94; *Haskell* v. *Railway,* 73 N. H. 587; *State* v. *Kennard,* 74 N. H. 76. The presumption is that the court in its charge limited the use to be made of the evidence to the point to which it was legally applicable. *Lemire* v. *Pilawski, supra.*

It was important for the plaintiff to show that she was at Port Hope for several hours on the 26th day of July, during which time she was in a highly nervous condition on account of her enforced delay, according to her testimony, and it cannot be doubted that her telegram, which was accepted by the telegraph company and transmitted to her sister in Berlin, was evidence that she was in Port Hope at that time. If the operator was not the defendant's agent for the purpose of transmitting private telegrams of its passengers, his act in sending the telegram was evidence that it was given to him on the day of its date and that the sender was present. Hence the telegram was admissible evidence for this purpose, if for no other, and the general exception to its admission must be overruled.

The principal contention relates to the law governing the liability of the defendant for the injuries suffered by the plaintiff according to her testimony. It is conceded that this question must be determined by the prevailing law of the Province of Ontario, where the facts occurred which, it is claimed, constituted a breach of duty by the defendant to the plaintiff. Evidence by experts was introduced by both parties upon the question, whether under the law of the Province of Ontario a recovery could be had for mental suffering and anxiety subsequently resulting in severe physical suffering and disease, in the absence of any physical injury directly inflicted by the alleged negligent act of the defendant. As specifically applied to the case on trial, the question was, whether the plaintiff could recover for the nervous excitement and anxiety due to the conductor's act in misdirecting her and in causing her to be detained for several hours in the station at Port Hope before she could resume her journey, where the nervous shock produced excessive menstrual flowing, which subsequently made it necessary for her to submit to a

surgical operation for the removal of the ovaries. The expert for the plaintiff testified that under such a state of facts the plaintiff would be entitled to recover, according to his opinion, under the law of Ontario; while the expert for the defendant testified that in his opinion the law of that province would not permit a recovery. Opinions pro and con were also expressed by the experts about the right of recovery under the statutory law of the province. The issue thus presented was one of fact for the determination of the court. It did not call upon him to rule on the question as a matter of law independently of the testimony of the experts, but considering the reasons adduced for their respective views to find which view was probably correct, and to instruct the jury accordingly. The defendant excepted to the charge of the court in which it was stated that if the jury should find the plaintiff's condition was the natural, probable, actual result of what occurred at Port Hope, or was due to the misdirection of the plaintiff, she may recover. The defendant insisted that the court should have ruled in accordance with its understanding of the law of Ontario that the damages claimed are too remote. This ruling of the court was in accordance with its finding from the evidence that the law of that province is that the plaintiff was entitled to recover if the jury should find that her suffering was the natural and probable result of the defendant's negligent act; in other words, that the question of remoteness in this case was for the jury to determine. This ruling was supported by the testimony of the plaintiff's expert, was presumptively based upon it, and is not now open to revision and reversal.

Arguments addressed to this court upon the exception to the court's charge in support of defendant's contention that the question is one of law, in the same sense it would have been if the cause of action had arisen in this jurisdiction, are based upon a misconception of the nature of the issue involved, which is whether the evidence supports the conclusion that, under the law of Ontario, the plaintiff, upon her evidence, might be entitled to a verdict. That there was such evidence is not open to reasonable doubt, as suggested above; and the finding is conclusive. "The existence or nonexistence of a foreign law is a question of fact, and the law of Pennsylvania having been found upon competent evidence to be as claimed by the plaintiff, that finding is conclusive." *Kennard* v. *Kennard*, 63 N. H. 303, 308. In *Jenne* v. *Harrisville*, 63 N. H. 405, it was held in accordance with numerous authorities that, "Foreign unwritten law, including the prevailing construction of a foreign statute, may

be proved by competent witnesses, and is a matter of fact determinable at the trial term." While it might seem upon an examination of relevant authorities bearing upon the question, that the defendant's theory of the law is correct, it would not follow that that view must be adopted and the finding of the superior court be set aside for that reason. It can only be set aside under such circumstances when it is unsupported by the evidence.

*Exceptions overruled: judgment on the verdict.*

Young, J., concurred in the result: the others concurred.

On motion for rehearing. After the foregoing opinion was filed, the defendant moved for a rehearing, and also procured amendments to the case in the superior court. It now appears that at the trial the defendant admitted that the plaintiff was at Port Hope at the time alleged. The telegram she sent from there was received in evidence as tending to prove the truth of the statements it contained. It also appears by the amendment that on the question of the Canadian law the presiding justice was of opinion that there was no conflict in the evidence, that the law was in favor of the defendant, and that a ruling upon it would be open to revision in this court. But, as the trial was an expensive one, he ruled in favor of the plaintiff in order to avoid another trial in the event that his view of the Canadian law should be held to be erroneous.

*Drew, Shurtleff, Morris & Oakes* and *Rich & Marble* (*Mr. Morris* orally), for the motion.

*Jesse F. Libby* and *Matthew J. Ryan* (*Mr. Libby* orally), opposed.

Peaslee, J. It now appears that the telegram sent by the plaintiff was received in evidence to prove the truth of the facts asserted therein. The writing was a self-serving statement, made five hours after the occurrence of the event described. During this time the plaintiff had abundant opportunity for reflection or fabrication, and the statement was made on her own volition. The element of spontaneity was lacking. It could not be found from the facts surrounding the declaration. Hence it follows that the admission of the statement in evidence was error of law, correctable upon exception. *St. Laurent* v. *Railway*, 77 N. H. 460, and cases cited.

This conclusion renders a new trial necessary; but as the question of the proper procedure for proving the Canadian law has been fully argued and must arise upon a retrial of the case, it has been considered. Foreign law is a question of fact. *Kimball* v. *Kimball,* 75 N. H. 291. Being one of fact, it is not reviewable here, nor can it be transferred to this court for decision in the first instance. *Nawn* v. *Railroad,* 77 N. H. 299. In *Jenne* v. *Harrisville,* 63 N. H. 405, the statutes and decisions in Vermont were made parts of an agreed state of facts, and the damages were to be thereafter assessed in accordance with the Vermont law as the same should be determined at the law term. 151 Briefs and Cases, 143. The refusal of the law court to act in the premises shows that the theory upon which the present question was disposed of at the trial is erroneous. If the law court cannot undertake to construe and apply foreign law when the parties have agreed to such procedure, and when the issue is not complicated by the addition of expert opinion pro and con, much less can it do so upon the motion of the trial court, especially when there is opinion evidence to be weighed and considered.

The question to be determined as a fact by the trial judge (*Hall* v. *Costello,* 48 N. H. 176) is not wholly what has been held in some earlier Canadian cases, but what would be held if the present suit had been brought in that jurisdiction. The mere fact that the trial court there is bound to follow a precedent established by a committee of the privy council of England does not settle the matter. It might be that the precedent was palpably erroneous, and that there was every probability that it would be overruled, if the present case were taken there for final decision. In short, it is, as the cases hold, a question of fact what the foreign law is.

No doubt there may be a case where there is a positive statute, or a uniform and manifestly sound line of decisions, upon which the evidence would warrant but one conclusion. That would present the ordinary situation calling for a conclusion as matter of law, because of a lack of evidence upon which to base any other result.

"The law of another State is a fact to be proved, like any other fact, by evidence. Where the evidence is a single statute or a decision of a court, the language of which is not in dispute, the interpretation of it presents a question of law for the court; but where the law is to be determined by considering numerous decisions which may be more or less conflicting, or which bear upon the subject only collaterally, or by way of analogy, and where inferences must be drawn from them, the question to be determined is one of fact, and

not of law. . . . The judge of the Superior Court, in considering the evidence, was called upon to determine, as well as he could, what is the present state of judicial opinion in the highest court of New York in reference to the question before him, as manifested by the published decisions of that court. The matters involved in reaching this conclusion presented a question of fact. On this bill of exceptions we cannot revise his finding upon this part of the case, unless it appears that there was no evidence to warrant it, or, in other words, unless the statutes and decisions conclusively show, in spite of any possible inference of fact or doubts in the interpretation of them, that his finding is wrong." *Wylie* v. *Cotter*, 170 Mass. 356, 357, 358.

The only question of law arising is whether there is any evidence to sustain the conclusion reached. In this case that question was determined in the affirmative in the foregoing opinion.

It has been suggested in argument that doubt is thrown upon the authority of the earlier cases by the course pursued in *Kimball* v. *Express Company*, 76 N. H. 81. In that case there was apparently no consideration of the foreign law in the superior court. In the argument here, counsel for the defendant claimed that the law of Indiana, where the contract was made, was in its favor, and cited cases from that jurisdiction to sustain the position. The question of Indiana law, as it was "understood" to be, was then considered without argument or consideration of the nature of the question involved. In so far as this case is in conflict with earlier decisions, both here and elsewhere, it cannot be sustained.

The question is one of fact, to be decided by the presiding justice as a foundation for instructions to the jury, if his conclusion is such as to make the case one for their consideration. In deciding it the statutes and decisions of the foreign state are to be considered, so far as they are put in evidence, and the opinions of experts may also be received. Wig. Ev., s. 1953. Exceptions to his finding can raise only questions of the admissibility or sufficiency of the evidence. Its weight is finally determined by him.

*Verdict set aside.*

PARSONS, C. J., and WALKER and PLUMMER, JJ., concurred.

YOUNG, J., *dissenting*. As it seems to me, the issue is the same, whether the question is as to how "the present state of judicial opinion" in Ontario is to be ascertained, or whether it is as to how

"the present state of judicial opinion" in this state is to be ascertained.   In both cases the issue is a mixed issue of law and fact,— intending by an issue of fact one that may, and by an issue of law one that may not properly be submitted to a jury.   It is an issue of fact in so far as it involves where the decisions of the court are to be found; and an issue of law in so far as it involves the conclusions to be drawn from these decisions; and that seems to have been the view of this court in 1908 when *Andersen* v. *Young*, 74 N. H. 428 was decided.   *Kimball* v. *Company*, 76 N. H. 81; *Baldwin* v. *Thayer*, 71 N. H. 257.   See also *Ferguson* v. *Clifford*, 37 N. H. 86, 98.