Rockingham,  ⎱
June 29, 1918. ⎰

## John A. Janvrin  v.  Thomas Powers & a.

Under P. S., c, 141, ss. 13, 15, notice of intention to claim a sub‑contractor's
lien is not required to establish a lien on the property of one whose promise
to the plaintiff is original and not within the statute of frauds.

Evidence that the defendant, the owner of a house, told the plaintiff, a sub‑con‑
tractor, to go ahead and furnish the contractors with materials to build it and
the defendant would see him paid, with evidence that the plaintiff thereupon
supplied them accordingly, warranted a verdict that the defendant's prom‑
ise was an original undertaking and not within the statute of frauds.

The provisions of P. S., c. 141, ss. 13, 15, requiring a sub‑contractor to give
written notice and a statement of his account to the owner, to establish a lien,
may be waived by him.

A verdict will not be directed for the defendant upon a general motion not based
on any specific reason, if upon any view the jury could find for the plaintiff.

It is presumed in the absence of proof to the contrary that the jury followed the
court's instructions.

Assumpsit, on the common counts with an account annexed for
lumber and supplies. Robinson Bros. defaulted, and the case was
submitted to the jury only against Powers. There was an attach‑
ment in the suit to secure a lien for the plaintiff on the property of
Powers. Robinson Bros. took a contract to build a bungalow for
Powers and the materials specified in the account annexed to the
writ were furnished by the plaintiff and used in its construction.
The plaintiff did not give to Powers a written notice that he should
claim a lien. Trial by jury. The issues submitted were whether
the plaintiff had a lien upon the property of the defendant, and when
it attached. The jury found that the plaintiff did have such a lien,
and when it attached, although no question is now raised about the
latter finding. The defendant's motions for a nonsuit at the close
of the plaintiff's evidence, and for a directed verdict at the con‑
clusion of the evidence were denied subject to exception. The ex‑
ceptions to evidence, to the argument of counsel and to the charge
of the court, taken by the defendant, sufficiently appear from the
opinion. Transferred from the May term, 1917, of the superior
court, by *Sawyer*, J.

*Eastman, Scammon & Gardner*, for the plaintiff.

*Sleeper & Brown* and *Ernest L. Guptill*, for the defendant.

PLUMMER, J. The defendant's motion for a nonsuit was based upon the following grounds: That if any promise was shown on the part of the defendant, it was simply a collateral promise to pay the debt of another, and further that no notice in writing was given him, as required by statute. No grounds are set forth upon which the defendant relied in his motion for a directed verdict, but it is assumed they were the same as for the nonsuit. The plaintiff is seeking in this case to establish a lien upon the defendant's property. The defendant's position, as disclosed by these motions, is that as the promise upon which the plaintiff relied was not in writing he cannot maintain his action (P. S., c. 215, s. 2), and also that the statute (P. S., c. 141, ss. 13, 15) requires a sub-contractor to furnish to the owner a notice in writing of his intention to claim a lien and a statement of his account once in thirty days. The evidence of the plaintiff tended to prove that he knew nothing about the financial condition of Robinson Bros., that before he furnished any materials to them to build the defendant's house, he saw the defendant about furnishing such materials, and that the defendant said to the plaintiff go ahead and furnish the materials for them to build the house, and let him know from time to time, and he would see that the plaintiff was paid, that the plaintiff would not have furnished the materials if the defendant had not promised that he would see him paid, that as the work progressed the defendant telephoned to find out if a payment had been made by the Robinsons, that later the plaintiff's wife telephoned to the defendant about the work, and he asked if the Robinsons had made a payment, and she said no, and gave to the defendant the amount then due for materials, whereupon the defendant said he guessed he was in bad, and he could not understand why people didn't do as they agreed, his word was as good as a gold bond, etc., that before the completion of the job the plaintiff wrote defendant a letter giving him the amount of his bill, and that the Robinsons had ordered a little more material probably amounting to $50 or more, and that he was notifying him of the amount of the bill to protect both himself and the defendant, that referring to this letter in his testimony the defendant said: "I knew I had to pay for the lumber, that Robinson Bros. was putting in there for me, and I expected to and supposed they had paid them till I got that letter," that during the progress of the work the defendant ordered materials of the plaintiff, that before the completion of the house one Robinson who had been in charge of the work abandoned it, and the other Robinson came to take charge, that he

told the defendant he had gone as far as he could, that he had noth-
ing to do with, and that the defendant said you go right ahead, and
if the plaintiff don't draw the lumber we will get somebody that will.

From the evidence tending to prove the above statements, it could
be found that the plaintiff furnished the materials upon the credit
of the defendant, and that the defendant's promise was an original
and not a collateral undertaking, and therefore not within the statute
of frauds. In *Lakeman* v. *Mountstephen*, L. R. 7 E. & I. App. 17,
the facts were not unlike those in this case. There the defendant, who
was the surveyor for a certain board of health for whom the plaintiff
had been doing sewage work, on some question being raised about
the continuance of the work said: "You go on and do the work, and
I will see you paid." It was held that there was evidence upon
which the jury might find that the credit was given to the defendant,
so as to make his promise original, and not collateral. The follow-
ing cases similar to the case at bar hold that the promise was an
original undertaking and not within the statute. *Clifford* v. *Luh-
ring*, 69 Ill. 401; *Jefferson County* v. *Slagle*, 66 Pa. St. 202; *Merri-
man* v. *McManus*, 102 Pa. St. 102; *Weyand* v. *Critchfield*, 3 Grant
(Pa.) 113. "The question to whom the credit was given is always
for the jury to determine, upon all the circumstances." Browne
St. Fr. 254; *Walker* v. *Richards*, 41 N. H. 388; *Connolly* v. *Way-
cott*, 63 N. H. 618; *Moshier* v. *Kitchell*, 87 Ill. 18; *Petitt* v. *Braden*,
55 Ind. 201; *West* v. *O'Hara*, 55 Wis. 645; *Larson* v. *Jensen*, 53
Mich. 427.

There was evidence on the part of the plaintiff that the defendant
had obtained from Robinson Bros. a contract for the construction
of his house that was very advantageous to him. Accordingly any
promise he made to the plaintiff that would enable the Robinsons to
obtain materials for the building of the house would inure to the
benefit of the defendant. The legal principle which is laid down in
the following language to determine if a promise is within the statute
of frauds would seem to be applicable to this case: "The distinction
is between a promise the object of which is to promote the interest
of another, and one in which the object is to promote the interest of
the party making the promise. The former is within the operation
of the Statute, the latter is unaffected by it. And where the guaran-
tor is himself to receive the benefit for which his promise is ex-
changed, it is not usually material whether the original debtor
remains liable or not." 1 Reed St. Fr., c. 3, s. 70; *Calkins* v.
*Chandler*, 36 Mich. 324.

As the jury were warranted upon the evidence in finding that the defendant made an original promise to the plaintiff to pay for materials, the defendant's second ground upon which he bases his motions, namely, that no notices in writing were given the defendant, as required by statute, is of no consequence, because, if the defendant was an original promisor, no such notices were necessary to give the plaintiff a lien upon the defendant's property. P. S., c. 141, s. 10.

If the defendant did not intend to base his motion for a directed verdict on the reasons specified in his motion for a nonsuit, but upon a general motion for a verdict without any specific reasons, that would not aid him. In that event, a verdict could not be directed for the defendant, if upon any view of the case the jury could find a verdict for the plaintiff, and we have already pointed out a ground upon which the jury could find such a verdict.

The defendant excepted to evidence that the value of the house which the Robinsons contracted to build would exceed the contract price by several hundred dollars. The defendant also excepted to the argument of the plaintiff upon this evidence. The plaintiff was seeking to prove that the defendant promised that he would pay him for the materials furnished and further that the defendant ordered material, and at a certain time in the progress of the work practically assumed control of it. This evidence and argument upon it was competent for that purpose. The court cautioned the jury in reference to the use that they should make of this evidence in the following language: "You are not to render a verdict for the plaintiff establishing a lien simply because the defendant secured a low price,—if you find he did,—for the building of his cottage. If he got a low price for it he is entitled to the benefit of it." It is presumed, in the absence of evidence, that the jury followed the instructions of the court. *Davis* v. *Railroad*, 75 N. H. 467, 470; *Turner* v. *Company*, 75 N. H. 521, 522; *Lawrence* v. *Towle*, 59 N. H. 28, 31. If the defendant feared that this evidence might be considered by the jury for an improper purpose, or that the plaintiff's counsel had argued it in a manner that would induce the jury to make a wrong use of it, and that the cautionary statement made by the court was not sufficiently clear and specific to fully inform the jury of the proper application of the evidence, and prevent them from making a wrong use of it, he should have requested further instructions by the court. *First Nat. Bank of Gonic* v. *Ferguson*, 58 N. H. 403; *Dow* v. *Merrill*, 65 N. H. 107, 111; *Pitman* v. *Mauran*, 69 N. H. 230; *Nadeau* v. *Sawyer*, 73 N. H. 70.

The defendant excepted to the argument of plaintiff's counsel wherein he reviewed and commented upon the defendant's conduct relating to the matters in controversy. We think the evidence fairly warranted the argument.

The court in his charge referring to the requirements in the statute (P. S., c. 141, ss. 13, 15) that the sub-contractor shall give a written notice and statement of his account to the owner of the property in order to entitle him to a lien, stated that the notices were solely for the benefit of the owner, and therefore he may waive them. The defendant excepted to this statement. No error was committed in giving this instruction. There can be no question but that the provisions in this statute requiring notices, are for the benefit of the owner. The statute prevents sub-contractors from acquiring liens upon the property of owners unless the statutory notices are given, and is for the protection of owners. The defendant's contention that he could not waive the statutory requirements of notice cannot be sustained. The statute being for his benefit there is no doubt that he could waive it. *Battle* v. *Knapp*, 60 N. H. 361; *Flynn* v. *Insurance Co.*, 77 N. H. 431; *Kelsea* v. *Insurance Co.*, 78 N. H. 422, 425. See *State* v. *Albee*, 61 N. H. 423, 428.

*Exceptions overruled.*

All concurred.