Rockingham, }
April 5, 1921. }

### JOHN KOREN *v.* NEWMARKET MANUFACTURING COMPANY.

The prejudicial effect of a statement by counsel in argument may be removed by an instruction to the jury as to the sense in which the remark is to be understood by them.

It is presumed in the absence of evidence that the jury followed the instructions of the court.

CASE, for negligence. The plaintiff was a ring-spinner, in the defendants' employ, and was injured while cleaning shafting. Trial by jury and verdict for the plaintiff. The defendants had accepted the provisions of chapter 163 of the Laws of 1911.

The defendants excepted to the denial of their motions for a nonsuit and a directed verdict, and to the argument of counsel. The facts are stated in the opinion. Transferred from the May term, 1920, of the superior court by *Young*, J.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Alvin J. Lucier* and *Scammon & Gardner*, for the defendants.

PLUMMER, J. The plaintiff was directed by the defendants to clean the shafting, which drove a line of spinning frames, while the machinery was in operation. The shafting was directly over the frames and from twelve to fourteen feet from the floor. He was told to use sandpaper and a rag in doing his work. He used a stepladder to reach the shafting over the alleyways and stood on the frames to reach the shafting over them. He had never cleaned shafting before, and was injured a few hours after he began work.

The evidence tended to prove that he was doing the work in the way he was expected to do it; that cleaning shafting while in motion in the way he was told to clean it is very dangerous; that this danger is one of which the defendants either knew or ought to have known, and of which he neither knew nor was in fault for not knowing. The above statement of what the evidence tended to prove was made by the court, and no exception thereto was taken by the defendants. Therefore there can be no question that the motions for a nonsuit and directed verdict were properly denied, for the jury, upon evidence tending to prove the facts above set forth, were clearly warranted in finding that the defendants were guilty of negligence, and that the plaintiff was free from fault.

In cross-examination, a witness for the plaintiff did not assent to an assertion made by counsel, whereupon counsel presented to him two papers, and asked him if the signatures upon them were his, and he replied that they were. Counsel for plaintiff argued from this that the papers contained the statement of the witness relative to the accident, and that he had testified truthfully. Upon an inquiry by the court whether counsel stated it as a fact that the papers contained a statement of the accident, or asked the jury to infer it from the circumstances, he said he simply asked them to infer it. The failure to offer the papers as evidence, after the verity of his signature had been admitted by the witness, authorized the inference that they contained nothing which would contradict him. This was the substance of the argument.

The defendants also excepted because the plaintiff's counsel in argument referring to the above witness and to the defendants said "who signed something for them." In view of what had taken place, if there was any error in making this statement, or if it was prejudicial, it was rendered harmless by the action of the court, who said: "You are asking the jury to infer from this evidence that he signed it; nothing more?" Counsel replied: "That is all." And the court then instructed the jury to consider it in no other way. "It is presumed, in the absence of evidence, that the jury followed the instructions of the court." *Janvrin* v. *Powers*, 79 N. H. 44, 47; *Davis* v. *Railroad*, 75 N. H. 467, 470; *Turner* v. *Company*, 75 N. H. 521, 522; *Lawrence* v. *Towle*, 59 N. H. 28, 31. In the statements of counsel to which exceptions were taken, the witness who had signed the paper presented to him by the defendants, was called their agent. The defendants object to this characterization of the witness, and say that there is no evidence that he was their agent. It appears that he was a third hand in the mill, and that he was the one who ordered the plaintiff to clean the shafting, and directed him how to do it. It must, therefore, be true that so far as this plaintiff is concerned, he was their representative and agent. There was another exception by the defendants to argument of plaintiff's counsel. But an examination of the defendants' brief leads to the conclusion that they do not rely upon it, and therefore it is not considered.

*Exceptions overruled.*

YOUNG, J., did not sit: the others concurred.