Grafton,
March 4, 1924.

RUTH MARSHALL, *Adm'x*, v. BOSTON & MAINE RAILROAD.

CASE, for negligently causing the death of plaintiff's intestate at a grade crossing in Thetford, Vt. Transferred by *Sawyer*, J., upon plaintiff's exception to an order of nonsuit.

*Doyle & Doyle* and *Owen & Veazey*, for the plaintiff.

*Alvin Burleigh* and *Jewett & Jewett*, for the defendant.

*Per Curiam.* The controversy relates to an occurrence in Vermont, and the rights of the parties, as fixed by what then happened, are determined by Vermont law. A nonsuit was ordered because under Vermont law the facts in proof conclusively established the contributory negligence of the deceased. This necessarily implies a determination by the trial court of Vermont law as applied to the facts in proof.

Foreign law is a matter of fact, determinable at the trial term. *Connecticut &c. Co.* v. *Railroad*, 78 N. H. 553, 557; *Hansen* v. *Railway*, 78 N. H. 518, 521, 523; *Kimball* v. *Kimball*, 75 N. H. 291, 292; *Jenne* v. *Harrisville*, 63 N. H. 405. The Vermont decisions considered as evidence by the trial court tend to prove the law of Vermont requires the order made. The implied finding as to the foreign law being supported by some evidence is not open to exception.

The precise ground upon which the nonsuit was ordered would definitely appear if the facts which the court considered conclusively established negligence under the law of Vermont were stated. The plaintiff has leave to apply to the superior court for such a finding.

*Case discharged.*