Coös,
Jan. 26, 1925.

GERTRUDE L. STINSON v. MAINE CENTRAL RAILROAD COMPANY.

The question whether a locomotive bell was ringing upon approaching a crossing is for the jury when there is evidence that persons in position to hear it ring and listening for its ringing did not hear it.

When separate actions of different plaintiffs against the same defendant are tried together, a verdict for the defendant in one action is irrelevant to an exception to the denial of a directed verdict for the defendant in the other action, in the absence of special findings.

In a suit brought in this state on an accident occurring in another state, the law of that state governs.

The ascertainment of foreign law is for the trial court to find as a fact, and its finding is final if supported by competent evidence.

A finding that the husband and wife were not engaged in a joint enterprise, so as to be each the agent of the other under the law of the state in which the accident occurred, is justified by evidence that they had different objects in view in going to their intended destination, a joint enterprise not having been defined by the statutes or decisions of that state.

CASE, for negligence. Trial by jury and verdict for plaintiff. Her husband drove an automobile in which she was riding on a grade crossing at Maidstone, Vt., and it collided with the defendant's train. Transferred by *Marble*, J., on the defendant's exceptions to the denial of a directed verdict and of a motion to set the verdict aside. Further facts appear in the opinion.

*Bernard Jacobs* (by brief and orally), for the plaintiff.

*Shurtleff, Oakes & Hinkley* (*Mr. Oakes* orally), for the defendant.

ALLEN, J. The only claim of the defendant's fault was in failing to ring the locomotive bell as required by Vermont statute. There was evidence it did not ring. The plaintiff's husband testified that he listened for the bell and did not hear it while approaching the crossing and that when he first saw the train when he was about eighty feet from the crossing, he noticed it was not ringing. One other witness testified that it was not ringing and he would have heard it if it had been because he always noticed it when the train went by. While he admitted in cross-examination that he was not paying attention, this merely tended to weaken the force of his direct testimony without altering it from a positive to a negative character, and left it for the jury to say whether or not he was listening and

paying attention. In the same way the testimony of the plaintiff's husband on the subject was at best only affected in the reliance to be placed upon it by his other testimony.

The testimony of these witnesses makes inapplicable the argument advanced in some cases that when, under circumstances not calculated to attract attention to the subject, one not giving attention fails to hear an alleged noise or to see an alleged object, his failure to hear or see has no probative value. In such cases there is no basis for determining whether the inattention or the nonexistence of the noise or object accounts for the failure to notice. Either it is a surmise to say what the fact is, or, which amounts to the same thing, the evidence throws such faint and feeble light on the issue that fair-minded men can draw no reasonable deduction from it. The rule is not an invasion of the jury's function to decide disputed questions of fact when there is any substantial evidence to submit. *Paine* v. *Railway*, 58 N. H. 611; *Free* v. *Buckingham*, 59 N. H. 219, 224; *Theobald* v. *Shepard*, 75 N. H. 52; *Collins* v. *Hustis*, 79 N. H. 446; *Gage* v. *Railroad*, 77 N. H. 289, 295; *Morier* v. *Hines*, *ante*, 48, 53.

The evidence, as pointed out, was direct and affirmative to the effect the bell did not ring. Because it tended to show a negative situation did not make it negative in character, but it was positive on the issue to which it related. If it did not possess validity to prove the issue, it would be difficult if not impossible to establish non-performance of duty of the kind and nature here involved. The weight and credibility of the testimony is a different question and invites no discussion, the motion to set aside the verdict being concededly "in effect but a renewal of the motion for a directed verdict."

The defendant makes the further claim that the plaintiff's husband's negligence was the sole proximate cause of the collision.

The husband brought suit for his damages, and in his action, tried with this one, the defendant had a verdict. On an exception to the denial of a general motion for a directed verdict, the only question is of the sufficiency of evidence to sustain a contrary verdict (*Janvrin* v. *Powers*, 79 N. H. 44), and hence the exception here is unaffected by the outcome of his action.

The actions, though tried together, were separate and, the verdicts being general, neither verdict has superiority so as to make it applicable to the other. Each stands if there is evidence to sustain it. Whether the jury in the husband's action found the defendant free from fault or found both him and the defendant in fault is of

no consequence in its bearing on the exception, and it is not to be argued from the facts that the plaintiff had and her husband did not have a verdict that in her suit the jury must have found her husband as well as the defendant in fault. The merits of the exception are to be determined by the state of things at the close of the evidence, and not by the use the jury made of the evidence, in the absence of special findings. In considering the exception it is to be assumed the jury acted properly, when it appears the evidence will support the verdict. The exception raises no question of the correctness or sufficiency of the charge, nor does it bear on the right to a new trial by reason of inconsistent findings. *Hewett* v. *Association*, 73 N. H. 556.

There was evidence to justify the verdict on the two essential issues (a) of the defendant's fault (b) which caused or helped to cause the collision. The defendant's station shut off the view of the track in the direction from which the train came so as to make it a blind crossing. While going past the station on the highway towards the crossing, a traveler could see along the track only one hundred feet when only twenty feet from the crossing as he came by the corner of the station. It may fairly be inferred that had the bell rung, the plaintiff's husband would have been thereby warned to stop or go slower while passing the station and thereby avoided the collision. If he was negligent in passing the station at an excessive speed, there was in that aspect a case of concurring forces each of which might be found a direct cause of the collision.

The conduct of the driver after he became aware of the train's approach did not conclusively make the defendant's fault only an occasion of the collision. If in fault for the emergency which then arose, it could be found in fault for its outcome. Whether such conduct was or may have been negligent is a question not presented by the exception, in view of the validity of the verdict if there was any basis for it upon all the evidence.

The case of *Morier* v. *Hines, supra*, cited by the defendant, presents a different situation. The evidence there had no tendency to show that negligence of the defendant had anything to do with the collision, the driver of the motorcycle having all the information the defendant's exercise of care would have given him and the defendant having no reason to anticipate he would act as he did, so that no negligence on its part could be found as a cause of the collision.

The claim that the plaintiff was conclusively chargeable with contributory negligence in failing to see the train sooner and to

give her husband a more timely warning of its approach assumes that due care required her to be on the alert and ready to warn. If this was her duty, the evidence that it was not performed is far from being conclusive.

The train was running at a rate of at least twenty miles an hour, making nearly thirty feet a second. The plaintiff's husband testified he first saw the train when it was seventy-five to eighty feet from the crossing and after the plaintiff had warned him of it by screaming, so that she discovered it "probably a second" before he did. The fireman and head brakeman testified to watching ahead towards the corner of the station and first seeing the automobile when they were about sixty-six feet from the crossing and when the automobile was ten or fifteen feet from the crossing. From this evidence the plaintiff, of four persons all on the watch, was the first to discover the danger. As the train traveled about thirty feet a second, it follows from her husband's testimony that she first saw it when it was at least a hundred feet from the crossing and that since one on the highway could see on the track only that distance when twenty feet from the crossing, she must have seen the train as soon as any one could. Taking "probably a second" to realize the danger and give her husband warning, instead of being so dilatory as to prove negligence conclusively, has at least some tendency to prove that she did as well as due care required. Both in watching and in warning a finding of due care on her part would be justified, even if it were her duty to prove it instead of its being the defendant's duty to disprove it.

The claim is made that the negligence of the plaintiff's husband is imputable to her by reason of their being on a "joint enterprise," which under Vermont law makes each party the other's agent.

The ascertainment of foreign law is for the trial court to find as a fact, and its finding is final if there is evidence to support it. *Hansen* v. *Railway*, 78 N. H. 518; *Connecticut &c. Company* v. *Railroad*, 78 N. H. 553, 557.

The court found that the parties were not engaged in a joint enterprise. The plaintiff and her husband were traveling from their home to Lancaster in his automobile, he to attend to some business he had and she to buy some clothing for their children. Since the defendant admits that the Vermont legislature and courts have never defined a joint enterprise and since it appears the plaintiff and her husband had different things to do at Lancaster, it cannot be said the finding could not be made.

*Exceptions overruled.*

All concurred.