# CHARLESTON.

Ella Lovett *v.* P. Lisàgor.

(No. 5227.)

Submitted October 13, 1925.   Decided October 20, 1925.

1.  Appeal and Error—Trial—*Submission to Jury of Particular Questions of Fact Held Within Discretion of Trial Court Subject to Review.*

    The submission to the jury of "particular questions of fact" as provided in Sec. 5, Chap. 131, Code, is within the discretion of the trial court, subject to review.   (p. 156.)
    (Appeal and Error, 4 C. J. § 2807; Trial, 38 Cyc. p. 1907.)

2.  Trial—*Refusal to Submit Special Interrogatories to Jury if Issues Are Few and Uncomplicated Held Not Abuse of Discretion.*

    It is not an abuse of such discretion for the trial court to refuse to submit special interrogatories to a jury in a case where the issues are few and uncomplicated, and it is apparent that special verdicts would not assist the jury in arriving at a correct conclusion.   (p. 157.)
    (Trial, 38 Cyc. p. 1907.)

3.  Warehouseman—*Failure to Comply With Proper Demand for Delivery Renders Warehouseman Liable to Bailor.*

    Failure to comply with a proper demand for delivery of household goods entrusted to his charge, renders a warehouseman liable to the bailor for the resulting damages thereto.   (p. 157.)
    (Warehouseman, 40 Cyc. p. 1910.)

    (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by Ella Lovett against P. Lisagor.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Partlow & Christie,* and *Harold A. Ritz,* for plaintiff in error.

*Harman & Harman,* for defendant in error.

HATCHER, JUDGE:

This case is here on a writ of error from the circuit court of McDowell county. The plaintiff was a woman who had been "pulling time" for keeping a house where men and women indiscriminately resorted, etc., according to admissions which the trial court should not have permitted the defendant to compel her to make.   The defendant owned a warehouse in the city of Keystone, in which the plaintiff had stored her household goods, paying for the privilege $10.00 per month. A fire broke out about one hundred feet from this building. After an hour or so, the conflagration reached the warehouse and plaintiff's good were consumed.   The plaintiff testified that within a short time after the fire started she engaged two trucks to haul her goods away; that finding the warehouse locked, she requested the defendant both by messenger and in person to unlock the wareroom so that she could remove her furniture, but that he refused to let her have the key or unlock the door.   Several witnesses support her statements.

The defendant gave evidence that the door of the warehouse was open during the fire.   He denied that he was approached by the plaintiff, or anyone for her, requesting the key, or that he saw her at all during the fire.   He offered testimony to show that a truck broke down at a bridge leading out of town, blocking the road in that direction; that a freight train was across another road, and that it would not have been possible thereafter for plaintiff to have hauled her goods to a place of safety.   He admitted collecting large insurance on his property that was destroyed by the fire.

The jury found in favor of the plaintiff, and assessed her damages at $1439.97. Judgment was entered for this amount. The evidence preponderates in favor of the plaintiff, and supports the verdict. The verdict should be upheld unless thè defendant was prejudiced by certain rulings of the court.

The defendant alleged several errors in his brief, but in oral argument his counsel stated that the amount of the verdict was not questioned, and abandoned all assignments of error except (1) the refusal of the court to submit to the jury the special interrogatories, requested by defendant, and (2) the giving of a certain instruction by the court on its own motion.

(1)   The interrogatories are as follows:

"1.   Was the room in which the furniture of the plaintiff was stored on the day of the fire closed at and after the time the fire commenced so that the plaintiff could not obtain access to her furniture?
2.   If the room in which the furniture of the plaintiff was stored was locked did the plaintiff, her son, or any agent of the plaintiff request of the defendant that the defendant turn over the key of the said room?
3.   If the door of the said room was locked and if the plaintiff or someone for her demanded of the defendant the key of said room could the plaintiff and her agents have saved all the furniture of the plaintiff if the defendant had delivered to the plaintiff or her agent the key of said room at the time demand for said key was made?
4.   If you do not believe she could have saved all of said furniture, what part thereof, if any, could she have saved?"

Sec. 5 of Ch. 131 of the Code provides that upon trial of an issue the court may, on motion of either party, direct a jury to answer certain particular questions of fact in addition to rendering a general verdict. The defendant contends that the statute is mandatory, otherwise its provision is of no force. We are precluded from consideration of this argument by a long line of decisions of this court holding that the submission of special interrogatories to a jury is within the discretion of the trial court, but subject to review. *Kerr*

v. *Lunsford,* 31 W. Va. 659; *Bridge Co.* v. *Bridge Co.,* 34 W. Va. 155; *Andrews* v. *Mundy,* 36 W. Va. 22; *Richards* v. *Iron Works,* 56 W. Va. 510.

Did the trial court abuse its discretion in this case? The object of the statute is to impress on a jury a deliberation on the separate facts upon which a verdict may depend and thus to prevent poorly considered and ill advised general verdicts. *Land Co.* v. *Ins. Co.,* 35 W. Va. 666.

The plaintiff's case is based on the evidence (a) that the storage room was locked, and (b) that the defendant refused her request to unlock the door. The general verdict for the plaintiff is grounded on the proof of these two facts. In order to have arrived at a general verdict for plaintiff, the jury had to resolve the evidence on both of these propositions in her favor. There is no theory on which the jury could have found for the plaintiff except that the warehouse door was locked and that the defendant refused to unlock the door upon her demand. Here the issues were too few, simple and clear-cut for the jury to have overlooked any one of them in arriving at its verdict. Special verdicts would not have assisted the jury in arriving at a correct conclusion. Consequently interrogatories one and two were not necessary in order to impress on the jury a deliberation of the facts mentioned therein, and we see no abuse in the discretion of the trial court in refusing them.

> "The submission of interrogatories to the jury for the purpose of obtaining a special verdict is largely a matter of discretion; and it is not an abuse of such discretion to refuse to submit such interrogatories in a cause when the issues are not complicated."

*Griffin* v. *City of Lewiston,* 55 Pac. 545. (Point 9 syl.)

Questions three and four were properly rejected. They were involved in hypothesis, and embraced matters not vital to the plaintiff's recovery. If the plaintiff made demand of the defendant to unlock the warehouse, it was not for him to determine whether she could then save any or all of her furni-

ture.  The furniture was hers.  She had the right to demand
its delivery at that time.  If such demand was made, the
defendant should have granted her request.  In fact, as a
warehouseman, he should have assisted her in her effort to save
her property.  If he refused her request, he did so at his
peril; and she would be entitled to recover of him the value
of her property destroyed in his warehouse irrespective of
the possibility or the probability of the successful removal of
her property beyond the fire zone.  40 Cyc. 441, par. 4, 38
Cyc. 2029-30.  27 R. C. L. 1000.

(2)    The trial court rejected an instruction offered by the
plaintiff as well as one tendered by the defendant, and charged
the jury as follows:

> "The court instructs the jury that if they believe
> from the evidence in this case that the plaintiff
> had her son call upon the defendant for the key to
> the storage house in question, and if they further
> believe from the evidence that the defendant re-
> fused to furnish the key, or that she afterwards
> requested him to give her the key and he declined
> to do so, and if the jury further believe from the
> evidence that had the defendant furnished the key
> to the plaintiff, and by doing so, the plaintiff could
> have saved her property from destruction by fire,
> then the jury will find for the plaintiff, and allow
> her such sum for the property as the jury may be-
> lieve her justly entitled to from the evidence."

The defendant contends this instruction was erroneous be-
cause it ignores defendant's evidence that the door of the
warehouse was open.

The court, on its own motion, also gave the following in-
struction:

> "The court further instructs the jury if they
> believe from the evidence in this case that after the
> fire started, the room in which plaintiff's goods
> were stored was open in such way as that she had
> access through the door to her goods, then the jury
> will find for the defendant".

The defendant further contends that the instruction as to
the open door did not cure the error in the other instruction,

because of the fact that the first instruction was a binding instruction. *Blackwood* v. *Traction Co.*, 96 W. Va. 1; *Culp* v. *Railway Co.*, 77 W. Va. 136; *Ward* v. *Ward*, 47 W. Va. 766, as well as other decisions of this court are cited in support of this contention. I think the argument of the defendant is well taken, and would so hold; but my brethren do not agree with me. The majority of the court holds that the rule invoked by the defendant does not apply to the instruction in question; that this instruction does not ignore the defense of the open door; that it assumes that the door of the warehouse was closed and that the defendant had the key thereto; that the instruction is applicable only in case of such assumption; that it does not involve a finding by the jury except on the facts by it assumed, and that the jury could not have been misled or the defendant prejudiced thereby. They say that the second instruction presenting the defense of the open door made it clear to the jury, that this defense was implied even in the first instruction.

For the reasons given the majority of the court find no error in this case, and the judgment is therefore affirmed.

*Affirmed.*