ELIZABETH BARTLETT *v.* DORSEY L. MITCHELL

(No. 7278)

Submitted February 7, 1933. Decided March 14, 1933.

*Homer Strosnider, D. O. Mitchell* and *L. G. Williams,* for plaintiff in error.
*Powell & Clifford,* for defendant in error.

KENNA, JUDGE:

Plaintiff in error complains of a judgment of the circuit court of Harrison county against him in the sum of $2,000.00 entered on the 3rd day of June, 1931, in an action of trespass on the case growing out of an automobile collision resulting in personal injury to the plaintiff below. We have before us only the assignments of error contained in the petition for the writ. Plaintiff in error filed no brief nor did he appear to argue the case orally. The defendant in error filed a brief and also argued the case orally.

Elizabeth Bartlett, a woman 60 years old, was driving with her husband, Salathiel G. Bartlett, a man of 69, together with the son of Mrs. Bartlett, Edward Conner, a young man 23 years of age, in a 1920 model Baby Overland car eastward on East Main Street in the City of Clarksburg between one and two o'clock in the afternoon on November 12, 1930. They had driven to Clarksburg from their home nearby in Taylor County. Each had errands in town, but there would seem to have been no common purpose in the trip save that which might naturally arise out of their family relationship. Bartlett was driving, his wife seated at his right, and the young man on the back seat. They approached Park Avenue, which runs into East Main Street from the north but does not cross it, traveling up a grade of about 2½% and were followed by the automobile of E. T. King. Traveling west (the opposite direction from the Bartlett car) on East Main Street and on

the opposite side of Park Avenue, the automobile of Roy Ash was approaching, and traveling in the same direction as Ash and east of his car was the taxicab of the defendant. The two last named cars were traveling down a grade of approximately the same declivity as plaintiff's car was traveling up. The streets were damp from a recent rain.

There seems to be substantial agreement in the proof up to this point. The departure is in what took place as the cars came near and into the half intersection formed by East Main Street and Park Avenue.

The testimony of plaintiff shows that as Bartlett drove his car to a point bringing him in line with the west side of Park Avenue, he either slowed down to a speed of between five and ten miles an hour, or stopped, signaling with his left hand either for a stop or for the left-hand turn that he was about to make into Park Avenue. The King car slowed down correspondingly without passing. At this time the Ash car, approaching from the opposite direction and on Bartlett's left, was. from 100 to 250 feet away and traveling at a speed of about 15 miles an hour. Bartlett's view of defendant's taxicab was obscured by the Ash car. Calculating that it was safe to turn into the intersection and having observed the speed of the visible oncoming traffic, Bartlett put his car in low gear and at a speed of 15 miles an hour, rounding the center of the half intersection, he turned to the left, crossed the street car track and reached a point beyond the center of the half intersection. The King car continued to travel slowly east on Main Street. The Ash car was approaching at a speed which would have let Bartlett pass in front of it. Then the taxicab "whipped around" to the left of the Ash car, traveling at some thirty to thirty-five miles an hour, attempted to cut to the left of Bartlett, skidded, sideswiped the Bartlett car with a severe impact, and careened into the King car before it came to a stop. So much for plaintiff's version.

The defendant, on the other hand, contends that as Bartlett approached Park Avenue, his view and that of the car's occupants were unobstructed all the way down Main Street; and that with full opportunity to observe conditions, he carelessly made a short left turn into the path of the approaching taxicab.

The defendant contended on two theories: First, that Bartlett's negligence, if shown, is to be imputed to Mrs. Bartlett because of the fact that they were engaged in a joint enterprise. Second, that Mrs. Bartlett was guilty of negligence because she had full opportunity to observe the danger and did nothing to warn Bartlett or otherwise prevent it. If either type of negligence contributed proximately to the injury, there would, of course, be no recovery.

The court below refused to instruct the jury on the theory of joint enterprise, and this seems to be the principal complaint of the plaintiff in error. We find no fault with this holding. The relationship of husband and wife, without more, even when the two are traveling together on the ordinary and usual affairs in which they may be said to have a common interest, is not sufficient to establish a joint enterprise. *Stinson* v. *Main Line Ry. Co.*, (N. H.) 128 A. 562; *Virginia Railway & Power Company* v. *Gorsuch*, 120 Va. 655, 91 S. E. 632; *N. & W. R. R. Co.* v. *James*, 147 Va. 178, 187, 136 S. E. 660. A state of facts indicating joint control of the vehicle, or at least a joint right to control it, upon the particular occasion, is a leading, but not a controlling, element in determining joint enterprise. The trial court was right in refusing to submit this theory to the jury.

The second theory of the defendant was fully covered by the court's instructions. In fact, instruction No. 10, given on behalf of defendant, states that even though the defendant is found to be negligent, yet if the jury "further believe from the evidence that the plaintiff was also negligent, and that *her carelessness contributed to any extent to her injury*, she cannot recover against the defendant." The acts of negligence of which she might have been found guilty are fully covered in other instructions.

The assignments of error cover instructions 3, 4, 5, 6, 7, 9, 10 and 11 offered by defendant. The record sets up instructions Nos. 3, 5, 6 and 10 only. Complaint is made that these instructions were modified before given and should have been submitted in their original form. There is nothing in the record to show what their original form was. The assignment of error contained in the petition asserts the changes, but we cannot be guided by that.

Complaint is also made that the trial court erred in refusing to submit four special interrogatories on behalf of defendant. None of these interrogatories, if propounded and answered, would have conflicted with the general verdict (see *Kerr* v. *Lunsford*, 31 W. Va. 659, 685, pt. 30 Syl., 8 S. E. 493; *Griffith* v. *American Coal Co.*, 78 W. Va. 34, pts. 4 and 5 syl., 88 S. E. 595), with the exception of interrogatory No. 3, which reads as follows: ''Was Mrs. Bartlett negligent in not asking her husband to wait until the taxi had passed their car?'' This interrogatory is not susceptible of being answered as a matter of fact but as a matter of conclusion from all the testimony which makes it equivalent to a general verdict. For that reason it is bad. (See *Runyan* v. *Water & Light Co.*, 68 W. Va. 609, pt. 4 syl., 71 S. E. 259). An interrogatory must not call for a conclusion. It must call for an unequivocal statement of facts and the answer must tend to conflict with the general verdict as a test of its materiality. In addition, it is no abuse of discretion to refuse to submit special interrogatories in a case where the issues are few and uncomplicated. (See *Lovett* v. *Lisagor*, 100 W. Va. 154, 130 S. E. 125.)

Defendant demurred to the declaration, assigning grounds in writing. The demurrer was overruled as to the first count and sustained as to the second count with leave to the plaintiff to amend her declaration. Under that leave she filed an amended declaration in two counts. Defendant again demurred, this time orally, assigning no grounds. The court specified the failure to assign grounds of demurrer as the reason for overruling it. Since the demurrer in writing assigning grounds was to the original declaration and since plaintiff went to trial upon her amended declaration in two counts, to which there was no demurrer assigning grounds, there is no error in this situation for the defendant to complain of.

Complaint is made that the verdict was excessive. It was for the sum of $2,000.00. Plaintiff was in the hospital from the 12th to the 20th of November, 1930, was moved to her son's house where she stayed eight or ten days thereafter without returning to her home. Her right arm and shoulder were badly cut and bruised, from all of which she said she suffered a great deal and is still (May 25th following) suffering; had to sit all winter against a cushion and could not lay

470

her arm on a chair, and has lost 41 or 42 pounds since the accident. Under this state of facts (viewed, of course, from the plaintiff's standpoint), the damages awarded by the jury cannot be said by us to be excessive.

We find no error in the rulings of the trial court prejudicial to the plaintiff in error.

*Affirmed.*