LIPPERT, Plaintiff, vs. KIRBY and another, Defendants and Appellants, ETTENHEIM and another, interpleaded Defendants and Respondents.

*September 16—October 13, 1931.*

For the appellants there was a brief by *Yockey & Yockey,* attorneys, and *E. W. Van Dyke* of counsel, all of Milwaukee, and oral argument by *Mr. Van Dyke.*

*George P. Ettenheim* of Milwaukee, for the respondents.

OWEN, J. On the 1st day of June, 1925, the defendants Sol. H. Ettenheim & Sons leased to the defendants Oak

Kirby and Eunice Kirby a three-story brick and stone house and garage, known as the Benjamin Home, at 302 Prospect avenue, in the city of Milwaukee, for a term of five years. The lessors agreed to furnish heat and hot water for said building. During the first year of the term the premises were satisfactorily heated. During the second year of the term, however, the heating plant had fallen into disrepair, so that the leased premises were not, and could not be, properly heated. There was an altercation between the lessors and the lessees as to who should repair the heating plant. The lessors refused to repair it. The lessees then procured the plaintiff, a plumber, who was usually employed by the defendants Ettenheim & Sons to do similar work, to repair the heating plant. For work and services done upon the heating plant pursuant to such engagement, he brought this action against the lessees. The question presented upon this appeal is whether the lessors or the lessees were obligated to repair the heating plant.

It is conceded that the lessors were under no obligation to make such repairs unless it arose from their covenant in the lease which obligated them to furnish heat for said building. Although a jury in the civil court found to the contrary, it unquestionably appears from the evidence that the lessors did deliver to the heating plant in the leased premises, from a steam boiler in an adjoining apartment, sufficient steam to heat the premises had the heating plant in the demised premises been efficient and in a proper state of repair.

It is the contention of the Ettenheims that they fully satisfied the obligation which they assumed by the covenant in question when they so delivered a sufficient quantity of steam to heat the house if the heating plant were in a proper state of repair. The Ettenheims do not deny that some parts of the demised dwelling, during two winters, were not as warm as the Kirbys would like to have had them. It appears conclusively that the reason for this situation was a lack of

repair in the heating plant in the demised premises, and that the only question to be considered is whether the covenant by which the lessors agreed to furnish heat imposed upon them the duty to make the repairs. If this covenant did not do so, then the lessors were under no obligation to make the repairs. *Cole v. McKey,* 66 Wis. 500, 29 N. W. 279; *Auer v. Vahl,* 129 Wis. 635, 109 N. W. 529.

The covenant is not one by which the lessors specifically agree to heat the building. If the covenant were to heat the building, it would seem plain that the duty devolved upon the lessors to keep the heating plant in a state of repair and efficiency, and to do all other things necessary to heat the building. They, however, say that they did not agree to heat the building; that what they agreed to do was to furnish heat for the building, which obligation they fulfilled by delivering a sufficient quantity of steam into the pipes of the heating plant. To this the lessees counter by saying that steam is not heat, any more than coal delivered in the basement is heat; that the lessors covenanted to furnish heat, not merely steam for heat, and that their covenant required them to deliver heat in the various rooms of the house where it could be made efficient.

It seems plain to us that the latter is the undertaking which the lessors assumed by the covenant. We can discover no difference between the covenant to furnish heat for the building and a covenant to heat the building, and the delivery of steam in the basement does not discharge the lessors' obligation to furnish heat for the building. Their obligation plainly was to furnish heat where necessary in the various rooms of said building. By this covenant they assumed the obligation, by necessary implication, to make all repairs and to do all things necessary to enable them to carry out their express covenant to furnish heat for the building.

As the right of the lessees to recover in this form of action has not been challenged, the judgment of the circuit court should be reversed, and the cause remanded with directions to enter judgment affirming the judgment of the civil court.

*By the Court.*—So ordered.

FAIRCHILD, J., took no part.