Mary A. Perry *vs.* Thomas M. Butler.

Cumberland.    Opinion, August 8, 1946.

*Robert A. Wilson,*

*Walter F. Murrell,*

*Richard K. Gould,* for the plaintiff.

*William B. Mahoney,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMP-
KINS, JJ.

TOMPKINS, J.    This case comes to the Law Court on the plain-
tiff's general motion for a new trial under the provisions of Chap.
100 of the Revised Statutes of Maine, 1944, after a general ver-
dict for the defendant, and after denial by the court below of the
plaintiff's motion for a new trial directed to the presiding jus-
tice under Chap. 100, Sec. 60.

The action was in tort for negligence.

The alleged cause of action arose out of a collision which oc-
curred at approximately 6.50 A. M. on November 2, 1944, at the

intersection of Cross and Fore Streets in the City of Portland, between an automobile owned and operated by one Owen, in which the plaintiff was riding as a passenger, sitting on the right front seat, and which was being driven in an easterly direction on Fore Street, and an automobile owned and operated by the defendant, which was being driven in a southerly direction on Cross Street.

The allegations of negligence in the declaration are, in substance, that the defendant carelessly and negligently operated, managed and controlled his automobile so that the same ran against and collided with and struck the automobile in which the plaintiff was riding, causing her personal injuries. The plaintiff further alleges that she was in the exercise of due care.

The plea was the general issue.

Jury trial was had at the June term 1945 of the Superior Court of the County of Cumberland.

A general verdict for the defendant of not guilty was returned by the jury.

The plaintiff filed a general motion for a new trial with the presiding justice. After hearing the motion was denied.

The plaintiff in her general motion for a new trial makes two contentions: (1) that upon all the evidence the verdict of the jury was manifestly in error, and (2) that the charge of the presiding justice was manifestly in error in that it contained omissions which misled the jury.

The plaintiff contends under a general motion for a new trial that in view of the testimony it is reversible error of the jury in its findings to have accepted the negative testimony of the defendant over the positive testimony offered by the plaintiff with respect to the lights on the Owen car.

The determination of this contention must turn on the question of what is to be treated as positive and what is to be treated as negative testimony. In that regard we call attention to Par. 1037, page 1097, Vol. 32 Corpus Juris Secundum under evidence, which lays down the following rule:

"A witness's testimony of failure to see or hear is negative if he is paying no particular attention; testimony that the witness did not see or hear something which he would have observed had it occurred, is more commonly regarded as positive; and testimony that the event did not occur, given by one who is in position to observe, is positive. Testimony may be positive in character although amounting to a negative statement, or showing a negative situation."

The fact in issue to which the testimony related was whether or not the headlights of the Owen car, in which the plaintiff was riding at the time of the accident, were on. The plaintiff testified that the headlights of the car in which she was riding were on. Mr. Owen, the driver of the car in which the plaintiff was riding, testified as follows in respect to the headlights:

"Q  What was the condition of light or darkness?
A  It was dark.
Q  What was the situation with respect to the headlights on your automobile?
A  On bright, sir."

The defendant testified on direct examination that he stopped at the corner of Cross and Fore Streets and waited for four cars to pass, traveling west, and two cars to pass traveling east. He was then asked by his attorney—

"Q  Then what happened?
A  Then I didn't see anybody coming so I pulled ahead.
Q  Were you going fast or slow?
A  No, going slow.
Q  What kind of a car were you driving?
A  A Franklin car.
Q  What was it, what year?
A  A 1941.
Q  A 1941 Franklin. Now go on in your own way and state what happened from there on.

A  Well I just got started, seems though, and right in the middle of the street this car struck me—took my bumper right off.

Q  Any lights on that car?

A  I didn't see any lights at all. No lights.

Q  What happened to the car after it struck you?

A  It went down and hit the curb and climbed the curbing, struck the post and went out into the middle of the street.

Q  Were there any lights on the car when it stopped?

A  No sir.

Q  Did you get out of the car and go over—

A  Yes sir.

Q  — to the place where the accident happened?

A  Yes sir."

On cross-examination the defendant testified as follows:

"Q  Did you tell the police that the other car had no lights before or after the accident?

A  No, I don't think I did.

Q  Did you know that it had no lights at that time?

A  I didn't see any lights. I know they didn't have any lights.

Q  When did you first remember that the car had no lights, before you struck it or it struck you?

A  Well after thinking the accident over I know he didn't have any lights.

Q  That was the recollection of a past event subsequent to its happening.

A  Well after thinking it over—after it was all over—right after the accident.

Q  Did you examine the other car after the accident?

A  I went around and looked at it.

Q  Did you look at the front?

A  Yes sir.

Q Did you look at the back?
A Yes sir.
Q You saw no lights?
A No sir.
Q Now, when you claim you were stopped—was that north I believe it would be of the stop sign, or were you at the building line we will say right down on the ground there ready to enter the street?
A I think I was pretty near half way between the sign and the corner.
Q Going toward Fore Street?
A Yes, so I could see up the street."

The defendant's testimony is that he stopped at the corner of Cross and Fore Streets, pretty near half way between the sign and the corner, so that he could look up the street, and waited until four cars passed going westerly and two cars passed going easterly, and that

"I didn't see anybody coming so I pulled ahead. I just got started, seems though, and right in the middle of the street this car struck me — took my bumper right off. I didn't see any lights at all. No lights."

That there were no lights on the Owen car, and that there were no lights when the two cars collided, and that there were no lights on the Owen car when it stopped when he examined the Owen car both front and back and saw no lights, is positive testimony under the circumstances as stated by the defendant.

"The witness's testimony of failure to see or hear is negative if he is paying no particular attention. Testimony that the witness did not see or hear something which he would have observed had it occurred is more commonly regarded as positive."

Evidence Par. 1037, page 1079, Vol. 32 Corpus Juris Secundum; *Franklin* v. *New Orleans Public Service, Inc.*, L. A. Appeals, 187,

S. 126; *Sand Springs Railway Co.* v. *McWilliams,* 170 Okla., 85, 38 P., 2d, 539; *Suts* v. *Chicago & N. W. Ry. Co.,* 205 Wis., 532, 234, N. W., 715.

The witness had placed himself in a position to see approaching cars and their headlights; he was about to cross the street; his own safety was involved and his attention was centered upon the condition of the traffic at that point; he examined the Owen car after the accident.

"Testimony that an event did not occur, given by one who was in a position to observe, is positive."

Evidence Par. 1037, page 1079, Vol. 32 Corpus Juris Secundum; Wigmore on Evidence, 2d Ed., Par. 664; *Richter* v. *Dahlman & Inbush Co. et al.,* 179 Wis., 7, 190, N. W., 841, 30 A. L. R., 747; *Staples* v. *Spence,* 179 Va., 359, 19 S. E., 2d, 69; *Hicks* v. *Chicago & N. W. Ry Co.,* 215 Wis., 442, 255, N. W., 73; *Cox* v. *Schuylkill Valley Traction Co.,* 214 Pa., 223, 63 A., 599; *Stinson* v. *Maine Central R. R. Co.,* 81 N. H., 475, 128 A., 562; *Suts* v. *Chicago & N. W. Ry. Co.,* supra; *St. Louis-San Francisco Ry. Co.,* v. *Russell,* 130 Okla., 237, 266 P., 763; *Hough* v. *Boston Elevated Company,* 262 Mass., 91, 159 N. E., 526; *Virginia Ry. Co.* v. *Haley,* 156 Va., 350, 157 S. E., 776; *Philadelphia B. & W. Ry. Co.* v. *Gatta,* 27 Del., 38, 85 A., 721, 47 L. R. A. N. S., 982, Ann. Cas. 1916 E., 1227; *Kindt* v. *Reading Co.,* 352 Pa., 418, 43 A., 2d, 145.

The defendant's testimony is just as positive in character as to the fact in controversy, though negative in form, as the testimony of the plaintiff and her witnesses. Evidence Par. 1037, page 1097,Vol. 32 Corpus Juris Secundum; *Stall* v. *Duff et al.,* 23 N.W., 2d, 75 — Neb. — ; 170 Okla., 85, supra; *Franklin* v. *New Orleans Public Service, Inc.,* supra, L. A. Appeals, 187 Southern, 126; *Stinson* v. *Maine Central R. R. Co.,* supra; *Suts* v. *Chicago & N. W. Ry. Co.,* supra; *St. Louis-San Francisco Ry. Co.* v. *Russell,* supra; *Kindt* v. *Reading Co.,* supra.

Whether the witness on the one side and the other had equal

honesty, ability and opportunity for knowing, and memory of what had transpired, was for the jury to decide. So we think and so we decide that under the circumstances disclosed by this testimony, the question of positive and negative testimony was not involved in the case.

The plaintiff further contends, in her oral argument at least, that the defendant did not state in the police report that there were no lights burning on the Owen car before or after the accident, and did not state that six cars passed along Fore Street, and that this omission discredited his oral testimony given at the trial, so that the jury erred in giving proper weight to his oral testimony at the trial.

"The jury had the advantage of seeing the witnesses, of hearing their testimony orally delivered, of observing their demeanor and conduct upon the stand, and considering prejudice, if any is shown."

*Cheney* v. *Russell,* 132 Me., 130, 167 A., 857.

It was within the province of the jury to accept or reject the oral testimony of the defendant given at the time of the trial.

"Where there is sufficient evidence upon which reasonable men may differ in their conclusions, the court has no right to substitute its own judgment for that of the jury. To obtain a new trial the movant has the burden of proving the jury verdict is manifestly wrong."

*Eaton* v. *Marcelle,* 139 Me., 256, 29 A., 2d, 162, and cases cited. This the plaintiff has failed to do.

The second contention of the plaintiff is that the charge of the presiding justice was manifestly in error in that it contained omissions which misled the jury. The omission complained of by the plaintiff was that the presiding justice failed to properly instruct the jury on the relative weight to be given to positive and negative testimony on the issue before them. No exceptions were

taken to the charge and no instruction was requested by the plaintiff's counsel.

"Rule 18 of the Rules of Court defines the proper procedure by counsel claiming either that improper instruction has been given to a jury, or that there has been an omission to charge on a particular point. It is the duty of counsel to ask clearly what rulings he desires to be given, and clearly indicate to what rulings he objects, before the jury is sent out with the case. Practice at variance with the Rule of Court, which in the respect noted represents merely the affirmance of established practice, should not be encouraged. It is only the exceptional case which will justify a new trial when proper practice has been disregarded. An exception to the rule referred to, however, has been established when any instruction given is plainly erroneous, as where it appears that the jury may have been misled by the charge as to the exact issue or issues to be determined." *Roberts* v. *Neil*, 138 Me., 105, 22 A., 2d, 135.

In the case at bar there was not involved a failure of the presiding justice to instruct the jury on the weight of positive and negative testimony because, as we have decided, the testimony of the defendant was as positive in fact as the testimony of the plaintiff. The case does not fall within the rule laid down in *Trenton v. Brewer*, 134 Me., 295, 186 A., 612. There was no failure to instruct the jury on a pertinent fact in the case. We find no error in the charge of the presiding justice.

*Motion overruled.*