Dana L. **WESCOTT**

v.

Josephine L. **VICKERSON.**

Supreme Judicial Court of Maine.

Dec. 23, 1971.

---

2. The questions are attached to this opinion as Appendix 1.

Julian G. Hubbard, Richard D. Hewes, Portland, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney by Lawrence P. Mahoney, Robert F. Hanson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

This is an appeal by plaintiff from the denial of a motion for a new trial filed by him after judgment had been entered for defendant upon a jury verdict in her favor. In the action plaintiff seeks damages allegedly caused by negligence of the defendant in the operation of a motor vehicle on December 5, 1967.

Plaintiff claims that when the presiding Justice, (during the trial held on April 15, and 16, 1970) instructed the jury on the issue of the comparative causational negligence of the plaintiff, he failed to comply with a provision of P.L.1969, Chapter 399 (14 M.R.S.A. § 156), which had become effective as law on October 1, 1969, that:

"The trial judge shall read the foregoing 2 paragraphs [dealing with comparative causational negligence] to the jury in their entirety."[1]

During the trial the plaintiff made no objections to the charge of the presiding Justice insofar as it dealt with plaintiff's comparative caustional negligence. Objection was registered by the plaintiff for the first time after judgment had been entered, by the filing of the motion for a new trial, and it was then confined to the contention that the presiding Justice had failed to read the two statutory paragraphs, word for word, to the jury.

The same approach is taken by plaintiff in this appeal. He relies exclusively upon his claim of reversible error constituted by the denial of a new trial because of the

1. This statutory direction to the trial judge was repealed by P.L.1971, Chapter 8, effective September 23, 1971.

presiding Justice's omission to read, verbatim, the two paragraphs of the statute.

Even if it might be assumed that it was error for the presiding Justice to instruct upon comparative causational negligence without reading, verbatim, the two paragraphs to the jury, (a point on which we now offer neither decision nor intimation of opinion), the jurisdiction of the Court to enter judgment for the defendant was unaffected. Hence, the plaintiff's assertion of error, predicated as it is on an omission of the presiding Justice to charge in a particular manner, raised for the first time after judgment for the defendant and as a ground for a motion for a new trial, came too late.

We have repeatedly emphasized, and we now reiterate in hopes that the message will never cease to be clear, the categorical provisions of Rule 51 M.R.C.P. dealing with the manner in which errors alleged to inhere in a judge's instructions to a jury, whether as errors of omission or commission, must be challenged.

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . . . ."

The rule embodies a strong policy, necessary for the sound and efficient administration of justice, that parties may not await the outcome of a case to assert alleged reversible error based on Court instructions, or omissions to instruct, which the presiding Justice could have been afforded opportunity to avoid had the alleged error been called to his attention at a time when he was in position to make appropriate correction.

This principle has traditionally governed not only in situations in which the assignment of error is made for the first time on appeal, but also when it is asserted, for the first time, after trial and verdict, in a motion for a new trial. Perry v. Butler, 142 Me. 154, 48 A.2d 631 (1946); Rule 59 M. R.C.P.; see also: statements of principles in Johnson v. Parsons, 153 Me. 103, 135 A.2d 273 (1957).

In Johnson v. Parsons, supra, an exception to the general rule—previously mentioned in Perry v. Butler, supra, as acknowledged in Roberts v. Neil, 138 Me. 105, 22 A.2d 135 (1941)—was extensively discussed and applied, the exception being that a new trial will be granted to a party seeking it, even though there had been a failure of the party to make timely objection to an alleged error (either of commission or omission) by the presiding Justice in his charge to the jury, if the error has deprived the party of a fair trial and has resulted in injustice.

In the present situation plaintiff has never claimed that the charge of the presiding Justice presented an inadequate, or incorrect, statement of the *substance* of the relevant statutory provisions. The issue before us, therefore, resolves to the question whether plaintiff should be given a new trial upon a ground of alleged error as to which plaintiff himself had failed to protect his rights of review, and even though plaintiff was given a fair trial devoid of any likelihood of serious prejudice or of misconception of the law on any vital point at issue in the case.

The answer is clear. The motion for a new trial was properly denied.

The entry is:

Appeal denied.

All Justices concurring.