Robert **TERWILLIGER**, a/k/a
Robert Scorpio

v.

Richard G. **GABRIELE**, d/b/a
Bikini Lounge.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1983.

Decided Jan. 13, 1983.

---

1. Section 602.3(A)(1) lists as a permitted use a "[o]ne-family dwelling in detached building."

Joseph G. Carleton, Jr. (orally), Wells, Earle J. Patterson, Kennebunk, for plaintiff.

Roger C. Nadeau (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

Plaintiff Robert Terwilliger, a musician known professionally as Robert Scorpio, brought this action against defendant Richard Gabriele for breach of a contract calling for Terwilliger to perform in Gabriele's Old Orchard Beach nightclub, the Bikini Lounge, each Tuesday through Saturday from July 8, 1980, through August 9, 1980. Gabriele appeals from a judgment entered against him in Superior Court (York County) after a jury trial. We deny the appeal.

The presiding justice correctly charged the jury that if at the end of the first week Gabriele told Terwilliger that he could not pay Terwilliger for the remaining three weeks, the latter was under no obligation to tender any further performance before bringing suit for Gabriele's breach of contract. *See Restatement (Second) of Contracts* § 253 (1981); *cf. Dehahn v. Innes*, 356 A.2d 711, 719 (Me.1976) (interpreting section 2–507 of Uniform Commercial Code). The evidence amply supported a jury finding that Gabriele had so repudiated the contract; and in any event, at trial he neither made any objection to the charge on the liability issue nor preserved any question as to the sufficiency of the evidence by making the required motion for a directed verdict. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1, at 663 (2d ed. 1970). On the issue of damages, Gabriele made no objection to the presiding justice's instruction that no dispute existed between the parties and that if the jury found Gabriele liable for breach of contract, Terwilliger was entitled to damages in the amount of $4,500. Defendant cannot now argue that those damages are excessive. *See Wescott v. Vickerson*, 284 A.2d 902 (Me.1971); M.R.Civ.P. 51(b).

Since appellant Gabriele failed to preserve for appeal any issue of either law or fact, and since at any rate on reviewing the record we can discern no possible reversible error in the conduct of this trial, we find this appeal to be frivolous and impose an appropriate sanction under M.R. Civ.P. 76(f).

The entry must be:

Judgment affirmed.

Treble costs awarded to plaintiff-appellee.

All concurring.