**Walter A. GURSCHICK**

v.

**John R. CLARK.**

Supreme Judicial Court of Maine.

Argued June 6, 1986.

Decided June 13, 1986.

Carl D. McCue (orally), Bangor, for plaintiff.

John R. Clark, pro se, (orally).

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

On November 27, 1985, the Superior Court (Penobscot County) entered judgment for $9,570.07 with interest in favor of plaintiff Walter A. Gurschick and against defendant John R. Clark. That judgment resulted from the default ordered against defendant, pursuant to M.R.Civ.P. 37(b)(2)(C), as a sanction for his willful refusal to comply with an order of the Superior Court that he produce certain documents relevant to the litigation. Clark took a timely appeal to this court.

On March 17, 1986, appellant Clark, representing himself, filed with this court what purports to be his brief on appeal. It, however, fails to set forth in any comprehensible fashion any basis whatever for disturbing the Superior Court's default judgment. Oral argument before this court by Clark, appearing *pro se*, confirmed that his appeal is utterly without merit.

By any standard, Clark's appeal is frivolous within the meaning of M.R.Civ.P. 76(f) authorizing the Law Court to award the opposing party treble costs and reasonable expenses, including attorney's fees, caused by the prosecution of a frivolous appeal. A litigant who elects to represent himself is bound by the same rules as one represented by counsel; he is not entitled to any preferential treatment. *See State v. Dunn*, 480 A.2d 788, 790 (Me.1984); *Oliver v. Martin*, 460 A.2d 594, 595 (Me.1983). We have applied Rule 76(f) to appellants who have brought frivolous appeals with the help of attorneys. *International Silver Co. v. DiGirolamo*, 475 A.2d 1143, 1145 (Me.1984) (per curiam); *Estate of Everett*, 460 A.2d 1026, 1029–30 (Me.1983); *Estate of Bonin*, 457 A.2d 1123, 1125 (Me. 1983) (per curiam); *Terwilliger v. Gabriele*, 454 A.2d 345, 346 (Me.1983) (per curiam); *Chesnel v. Paradis*, 453 A.2d 1184, 1184 (Me.1983) (per curiam); *Auburn Harpswell Association v. Day*, 438 A.2d 234, 238–39 (Me.1981) (per curiam). We have also applied that rule to a member of the bar who brought a frivolous appeal in his own case. *Boothbay Register, Inc. v. Murphy*, 415 A.2d 1079, 1080 (Me.1980) (per curiam). Plainly, a *pro se* appellant must be subject to the same Rule 76(f) sanctions for abusing the appellate processes as is a litigant who presses a frivolous appeal with an attorney's assistance.

The entry is:

Judgment affirmed. Treble costs and attorney's fee in the amount of $300 shall be paid by appellant John R. Clark to appellee Walter A. Gurschick.

All concurring.