ENTERED DEC 3 0 2014

STATE OF MAINE
KENEBEC, ss.

SUPERIOR COURT
AUGUSTA
DOCKET NO. AP-14-32

REM-KEN-12-18-14

BRUCE J. WILLETTE,
 petitioner


v.

**DECISION AND ORDER**


MAINE ELECTRICIANS'
EXAMINING BOARD,
 respondent


   This matter came before the undersigned on October 10th, 2014 with respect to the petitioner's Rule 80C Petition for Review of the Maine Electricians' Examining Board's Decision and Order (hereinafter "Decision") dated April 8th, 2014 that found that the petitioner had committed five violations of the 2011 National Electrical Code (hereinafter "NEC") and subsequently imposed fines for four of the five violations found to have been committed. The petitioner's self-described "grievance" with the Decision was petitioner's contention that the violations found were not the result of any work the petitioner, an electrician by trade, performed.[1]

   After reviewing the record and listening to and reading the arguments of counsel, as well as after listening to the small claims hearing of *Tunks v. Wilette*, WATDC-SC-13-163 at the request of petitioner, the undersigned enters the following **Decision and Order** for the reasons set forth below:

*Factual and Procedural Background*:

   1. By letter dated 3/27/13 the petitioner was notified that a complaint had been filed against the license issued to petitioner by the respondent. Petitioner was provided with a copy of the complaint and asked to respond to same within 33 days of the date of the letter.

   2. The complaint alleged five violations of the NEC that in turn are a violation of the Electricians' Examining Board Rules, Chapter 120, Section 1. The violations were in connection with work allegedly performed by petitioner at the home of a Mr. Daniel Tunks (hereinafter "Tunks") in Waterville, Maine. (R. at 67, 68.)

---

[1] Petitioner also asserted that certain work that he had performed was unfinished because petitioner had been asked to leave the premises after a dispute with the owners.

3. A "Complaint Investigation Report" was prepared by Peter Pelletier (hereinafter "Pelletier"), State of Maine Electrical Inspector that summarized the complained-of work. (R. at 69-70.)

4. The petitioner responded in writing to the complaint. (R. at 65-66.)

5. A hearing before the respondent took place on 3/21/14 as a result of the complaint alleging five violations of the NEC. At the hearing Pelletier testified as well as the petitioner. After hearing the respondent deliberated and subsequently issued its Decision dated 4/18/2014 as well as Findings of Fact upon which the Decision was based. (R. at 51-57.)

6. On May 19, 2014, petitioner filed a timely Petition for Review of the respondent's decision.

*Standard of Review*

7. This appeal is governed by the provisions of 5 M.R.S. § 11002 *et. seq.* and 10 M.R.S. § 8003(5-A) and M.R.Civ.P. 80C. Petitioner has the burden of demonstrating there is no competent evidence in the record to support the findings of the respondent and its resulting decision. Petitioner has the burden of proving that the respondent's decision is "clearly erroneous", meaning that there was no competent evidence in the record on which to base the decision made. *Starrett v. Starrett*, 2014 ME 112.

8. Put another way, when the decision of an administrative agency is reviewed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services, 664 A.2d 369, 370 (Me.1995)*. "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶ 9, 762 A.2d 551, 555 (Me.2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261 (Me.1997)).

9. In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise." The Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me.1991).

10. The focus on review is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261.; t5 M.R.S. § 11007(3)("The court shall not substitute its judgment for that of the agency on questions of fact"). "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking

2

to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.*

11.    Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering, 593 A.2d at 1053* (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v.. Bureau,* 684 A.2d 1304, 1306 (Me.1996) (emphasis added).

*Discussion*

12.    There is insufficient affirmative evidence in the record to support petitioner's contention the respondent should have been compelled to find that the violations were not committed by the petitioner.   Certainly the evidence presented to the respondent was in dispute, especially concerning exactly what work petitioner did, and did not, perform. However, petitioner was given the opportunity to cross-examine Pelletier, the only witness for the State, and chose not to do so. (R. at 15, 32).   Moreover, Pelletier testified twice that petitioner acknowledged the violations to Pelletier, and petitioner did not directly dispute Pelletier's recollection on this point.[2] (R. at 14, 31).

13. Petitioner represented himself in this case, as is his right. However, a litigant who elects to represent himself is bound by the same rules as one represented by counsel; he is not entitled to any preferential treatment. *Gurschick v. Clark,* 511 A.2d 36 (Me. 1986).

14. For the reasons stated above, the undersigned affirms the Decision and Order of the respondent.

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 12/18/2014

BY _____

**Robert E. Mullen, Justice**
**Maine Superior Court**

---

[2] A point that seemed to be of critical importance to at least one member of the Board. (R. at 43).

3

Action:   <u>Petition for Review</u>         **J. Mullen**

        80C

Bruce J. Willette              vs.      Maine Electricians Board

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bruce J. Willette, Pro Se<br>39 Western Ave.<br>Waterville, ME 04901 | Christopher L. Mann<br>6 State House Station<br>Augusta, ME 04333 |

Date of Entry

| | |
|---|---|
| 5/21/14 | Petition for Review of Final Agency Action, filed (5/19/14). s/Willette, Pro Se |
| 5/30/14 | Entry of Appearance, filed (5/28/14). s/Mann, AAG |
| 6/11/14 | Certified Mail Return Receipt for Attorney General, filed (6/9/14). s/Willette, Pro Se |
| 6/11/14 | Certified Mail Return Receipt for Electricians Exams Board, filed (6/9/14). s/Willette, Pro Se |
| 6/20/14 | Administrative Record, filed (6/18/14). s/Mann, AAG |
| 6/20/14 | Notice and Briefing Schedule issued.<br>Copy to Petitioner and AAG Mann |
| 7/25/14 | Petitioner's Brief, filed (7/21/14). s/Willette, Pro Se |
| 8/13/14 | Respondents Brief, filed. s/Mann, AAG |
| 9/8/14 | Oral Argument scheduled for October 10, 2014 at 9:30 a.m.<br>Notice sent to Mr. Willette and AAG Mann |
| 10/27/14 | Oral Argument, held (10/10/14).<br>Tape 1947 Index 441-810<br>Under advisement. |
| 12/18/14 | DECISION AND ORDER, Mullen, J.<br>Decision and Order of the respondent is affirmed.<br>The Clerk is directed to incorporate this Decision and Order by reference.<br>Copy to Petitioner and AAG Mann<br>Copy to repositories. |
| 12/18/14 | Notice of removal of Record sent to AAG Mann |