STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. AP-14-58


JAN McLAUGHLIN,
        Petitioner


v.                                      **DECISION AND ORDER**


STATE OF MAINE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
        Respondent


        This matter was argued on May 1, 2015 with respect to Petitioner's Petition For Review of Final Agency Decision pursuant to Rule 80C, Maine Rules of Civil Procedure. Petitioner represented himself while the respondent was represented by Assistant Attorney General Christopher Leighton. After listening to the arguments of the parties and reviewing the entire file and record, the undersigned enters the following **Decision and Order** based upon the findings set forth below:

        1. A hearing was had on 8/13/14 as a result of petitioner's request for review of the IRS Tax Refund Offset Notice dated 2/20/14. The offset notice contended that petitioner owed $8,966.90 in child support arrearages. It appears that this figure was arrived at by taking the amount of child support arrearages the Court in North Carolina found that petitioner owed as of 1/13/14, or $8,859.94, adding to it the sum of $500.00 based upon the Order in Doc. No. LEW-FM-11-173 that requires petitioner to pay $500.00 per month in child support, and then giving a credit to petitioner of $393.04 for payments made between 1/13/14 and 2/20/14.

        2. The arrearage total includes child support arrearages from the States of Tennessee, North Carolina, and Maine. The undersigned has reviewed the record, and finds that petitioner has a judgment against him from the State of Tennessee and a judgment against him from the State of North Carolina. Neither judgment was appealed by petitioner, at least successfully. Accordingly, both Judgments are final and are entitled to full faith and credit by this Court.¹

_____

¹ The Department dismissed **without prejudice** a prior claim for child support arrearages against petitioner on 11/20/12 because in the words of the hearing examiner "DHHS could not present a coherent case regarding its allegations of child support debt against Mr.McLaughlin..."However, this time around the Court finds the facts and circumstances quite different.

3.   Petitioner has argued that he was not given credit for certain payments he contends he made to his former wife by check; however, no documentary evidence was provided to corroborate petitioner's contentions, and the hearing officer was not obligated to simply "take petitioner's word" for it.

4.   A litigant who elects to represent himself is bound by the same rules as one represented by counsel; he is not entitled to any preferential treatment. *Gurschick v. Clark*, 511 A.2d 36 (Me. 1986).

5.   The Hearing Officer's findings and mathematical computations are more than supported by the record, and thus the Court **affirms** the Decision After Hearing dated 8/14/14.

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 6/1/2015

BY _____
Robert E. Mullen, Justice
Maine Superior Court

2