STATE OF MAINE
FRANKLIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.CV-18-06

CLISTA STEVENS,
Plaintiff

v.

**JUDGMENT INCLUDING**
**FINDING OF FACT AND**
**CONCLUSIONS OF LAW**

JOSEPH S. KINSEY et. al.
Defendants

This matter was heard on October 1 and 2, 2019 on the Complaint of the Plaintiff against the three Defendants. After hearing, and after the Court has reviewed its notes of the hearing, the countless exhibits offered and admitted into evidence, the pertinent case law and statutes, and gave the parties an opportunity to file post-hearing memoranda of law, the last material being filed by Plaintiff's counsel on November 7, 2019, the Court makes the following Findings of Fact and Conclusions of Law upon which the **Judgment** set for below is based:

I. *Findings of Fact:*

1. The undersigned (hereinafter "the Court") notes with irony that initially anyway these four litigants were business "partners", or at least involved to varying degrees in business together, and were on friendly terms to varying degrees. That clearly ended when Defendant Joey Kinsey (hereinafter "Kinsey") sought and succeeded in evicting Plaintiff Clista Stevens (hereinafter "Stevens) from his property in December of 2015, *see* SA-15-176 for more details. *See also* SC-16-100 in which Kinsey filed a small claims suit against Stevens seeking $4,225.03 for "rent late fees, attorney's fees, cleaning and repair fees, rental fees. *(sic)* for October and November, 2015. January and February 2016." He was awarded Judgment for $246.00 after contested hearing on May 19, 2016.

2. Defendant Linda Tokarz (hereinafter "Tokarz") also sued Stevens in Small Claims Court for $4,188.50 for monies allegedly owed her in connection with

---

This case presented a challenge to the undersigned as well as to Plaintiff's counsel and the parties, three of which were unrepresented. However, the Court repeatedly made the black-letter-law point to the Defendants that litigants who elect to represent themselves are bound by the same rules as ones represented by counsel; they are not entitled to any preferential treatment. *Gurschick v. Clark*, 511 A.2d 36 (Me. 1986).

the business enterprise the ladies were involved in, *see* SC-16-050 for more details. Tokarz was awarded Judgment after contested hearing for $751.10. Both this judgment and Kinsey's judgment remained unsatisfied as of the dates of this hearing.

3. This case involves claims filed by Stevens against Kinsey, Tokarz, and Diane Mosher (hereinafter "Mosher") for illegal eviction (as to Kinsey only), as well as conversion, negligence, and unjust enrichment, *see* Amended Complaint dated March 20, 2018 for more details.

4. Stevens during the pertinent time periods in question was involved in the purchase and subsequent resale of various items of personalty. Her business was known as "Pigley's Treasures." She initially began her career by starting up a consignment business on E-Bay in 1999, setting the price herself for the items she was offering for sale.

5. Stevens began her relationship with Tokarz initially as Tokarz being a customer of Stevens. Tokarz sought and eventually became involved in the business of Stevens, initially having her wares at Stevens' business and paying Stevens a percentage of what Tokarz'a wares sold for.

6. Stevens' involvement with Mosher initially began by meeting Mosher at a flea market in 2010. Mosher eventually also began a business relationship with Stevens, having a space at Stevens' shop to sell her wares and working three days per week at the shop. Mosher basically traded any pay for her work for space in the shop.

7. Stevens began her business relationship with Kinsey pertinent to this lawsuit by renting a space for her business by lease dated 10/29/14 for a year. Stevens not only used the space for her business but also resided there from time to time.

8. Stevens fell behind in her rent owed to Kinsey such that Kinsey wanted Stevens out of the space. Stevens was basically shut out of the space, and her business, beginning on or about November 20, 2015. She was not allowed to inventory her property at the space and was told not to be on the property. Locks to the property were changed. The Court concludes an illegal eviction occurred. Kinsey had extensive experience in the field of being a landlord and no excuse for not following landlord/tenant law concerning the legal way to evict a tenant who has defaulted on their rental obligations. The fact that Stevens wrote a 'bad" check for rent due does not excuse Kinsey's taking the law into his own handsand illegally evicting Stevens.

9. The fact that Stevens was evicted from the business space obviously affected the respective business endeavors of Tokarz and Mosher. There resulted an agreement between Kinsey, Tokarz, and Mosher that Tokarz and Mosher would operate the business in the same space initially rented to Stevens. The new business was known as "The Shoppe."

10. Kinsey did not initiate a forcible entry and detainer action against Stevens until December 23, 2015.

11. The Court specifically finds that **all** of the litigants during the hearing offered testimony that at times was self-serving and frankly not believable to the Court. For example, the mere fact that the values of items listed on Exhibit 2B were assigned values "based on (Stevens') extensive experience in the purchase and sale of second hand merchandise…" does not automatically mean the Court has to accept the testimony, just as the evidence presented by the Defendants that they have no property that belongs to Stevens has to be accepted by the Court.

12. The Court specifically finds that property of the Plaintiff was converted by Kinsey, that an illegal eviction occurred, and that a Judgment on behalf of Plaintiff is in order. A Judgment against **whom**, and based upon what theory of recovery, and in what amount, is discussed below:

## II. *Conclusions of Law:*

### (A) Illegal Eviction:

13. The remedies for illegal eviction are set forth in 14 M.R.S. § 6014(2)(A). Whether the lease here was residential or commercial in nature, or had aspects of both, is immaterial, as it is clear that the statute applies to both residential and commercial leases. *Rodriquez v.Tomes,* 610 A.2d 262 (Me. 1992). Kinsey never followed the law for evicting tenants until he filed a forcible entry and detainer action well after he had effectively illegally evicted Stevens.

14. A tenant who has been illegally evicted is entitled to actual damages or $250.00, whichever is the greater amount, along with the aggregate amount of costs and expenses incurred by the tenant together with a reasonable amount of attorney's fees. 14 M.R.S. § 6014(2)(A),(B). Although the term "actual damages" is not defined in the statute, lost profits and lost goods are examples of actual damages. *Reardon v. Lovely Dev., Inc.* 852 A.2d 66, 69 (Me. 2004). Damages must not be uncertain or speculative, but must be grounded in facts and evidence. *Id.*

15. Taking all of the evidence into account, the Court finds the appropriate amount of damages for the illegal eviction to be $12,000.00.

16. Concerning attorney's fees, most if not all of the claims of Stevens are inextricably interwoven based upon the same conduct related to the illegal eviction. Thus, it is appropriate for the Court to take into account the entire amount of attorney's fees claimed in this case in determining the appropriate amount of attorney's fees to be awarded. *Withers. v. Hackett,* 714 A.2d 798 (Me. 1998).

17. The Court determines that an award of $9,000.00 in counsel fees is in order, so that **Judgment** against Kinsey on Count I of the Complaint in the amount of $21,000.00 is called for. **So Ordered.**

3

**(B) Conversion:**

18. To establish a claim for conversion, a plaintiff must show an invasion of the plaintiff's possession or right to possession by demonstrating: (1) a property interest in the goods; (2) the right to their possession at the time of the alleged conversion; and (3) when the holder has acquired possession rightfully, a demand by the person entitled to possession and a refusal by the holder to surrender. *Mitchell v. Allstate Ins. Co.*, 2011 ME 133.

19. Any claim pursuant to an action for conversion for damages for lost earnings and profits is limited to the time period it would take a reasonable person to replace the converted items. *Newbury v. Virgin,* 2002 ME 119, ¶ 20.

20. Mosher admitted the Defendants sold a buffet for $300.00 that was on consignment with Stevens. She also admitted that several items of jewelry on consignment with Stevens were still at the shop, and that the Defendants determined not to give back to Stevens certain items on consignment "because we knew she didn't own" them.

21. Tokarz acknowledged that she kept the cash register of Stevens "as a lien." She also testified that "we are not sure of what we sold of Stevens." Mosher also testified that "we didn't keep a list of what we were packing up" of Stevens.

22. The Court finds Defendants Kinsey and Tokarz responsible for conversion of Stevens' property, and again sets the amount converted to be $12,000.00. The Court does not find by a preponderance of the evidence that Mosher has converted property of Stevens.

**(C) Negligence:**

23. The acts of the Defendants were intentional or reckless in nature, and thus the Court does not find it appropriate to award damages on this count.

**(D) Unjust Enrichment:**

24. The Court declines to find sufficient evidence to hold Mosher responsible under a theory of unjust enrichment. The Court finds sufficient evidence to hold Tokarz and Kinsey liable under a theory of unjust enrichment in the amount already established above.

### *III. Judgment:*

25. For the reasons stated above, the Court enters Judgment for Stevens against Kinsey in the amount of $21,000.00, plus interest and costs in Count I.

26. For the reasons stated above, the Court enters Judgment for Stevens against Kinsey and Tokarz jointly and severally in the amount of $12,000.00 plus interest and costs in Count II. Judgment for Mosher is entered with respect to Count II.

4

27. For the reasons stated above, the Court enters Judgment for Stevens against Kinsey and Tokarz jointly and severally in the amount of $12,000.00 plus interest and costs in Count III. Judgment is entered for Mosher with respect to Count III.

28. In summary, Tokarz and Kinsey are jointly and severally liable to Stevens for $12,000.00, plus interest and costs. Kinsey is liable to Stevens for attorney's fees in the amount of $9,000.00 with respect to Count I. Mosher owes no damages to Stevens.

The Clerk is directed to incorporate this Decision and Judgment by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 1/17/2020

BY _____
Robert E. Mullen, Chief Justice
Maine Superior Court

5

CLISTA M STEVENS - PLAINTIFF
PO BOX 255
DRYDEN ME 04225
Attorney for: CLISTA M STEVENS
SCOTT J LYNCH - RETAINED
LYNCH & VAN DYKE PA
261 ASH ST
PO BOX 116
LEWISTON ME 04243-0116


vs
DIANE L MOSHER - DEFENDANT
432 INTERVALE ROAD
TEMPLE ME 04984
LINDA S TOKARZ - DEFENDANT
PO BOX 407
RUTLAND MA 01543
JOSEPH S KINSEY - DEFENDANT
PO BOX 855
WILTON ME 04294

SUPERIOR COURT
FRANKLIN, ss.
Docket No   FARSC-CV-2018-00006

**DOCKET RECORD**

*1/17/20*

*SKIP
rec'd Jan 2021*

Filing Document: COMPLAINT                    Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 03/26/2018

## Docket Events:

03/26/2018 FILING DOCUMENT - COMPLAINT FILED ON 03/26/2018

03/27/2018 Party(s):  CLISTA M STEVENS
           ATTORNEY - RETAINED ENTERED ON 03/26/2018
           Plaintiff's Attorney: SCOTT J LYNCH

04/12/2018 Party(s):  LINDA S TOKARZ
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/26/2018

04/12/2018 Party(s):  LINDA S TOKARZ
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/05/2018

04/12/2018 Party(s):  JOSEPH S KINSEY,DIANE L MOSHER,LINDA S TOKARZ
           RESPONSIVE PLEADING - ANSWER FILED ON 04/06/2018

04/20/2018 ORDER - SCHEDULING ORDER ENTERED ON 04/17/2018
           ROBERT E MULLEN , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

04/20/2018 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 12/17/2018

05/11/2018 Party(s):  JOSEPH S KINSEY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/05/2018

05/11/2018 Party(s):  JOSEPH S KINSEY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/10/2018

06/11/2018 Party(s):  DIANE L MOSHER
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/16/2018